**STATE of Missouri, Plaintiff-Respondent,**

v.

**Leroy JOHNSON, Defendant-Appellant.**

**No. 34610.**

Missouri Court of Appeals,
St. Louis District.

Jan. 29, 1974.

Rehearing Denied March 8, 1974.

Application to Transfer Denied
May 13, 1974.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, David A. Dalton, Pros. Atty., Ronald L. Boggs, Asst. Pros. Atty., St. Charles, for plaintiff-respondent.

Shaw & Howlett, C. Clifford Schwartz, Jr., Keith W. Hazelwood, Clayton, for defendant-appellant.

GUNN, Judge.

Defendant-appellant appeals from convictions of manslaughter, feloniously leaving the scene of an accident and operating a motor vehicle with operator's license suspended or revoked. Punishment was assessed by the jury at two years on each of the felonies and thirty days on the misdemeanor of operating a motor vehicle with license suspended. We affirm.

At approximately 6:00 p. m., on February 4, 1971, an automobile operated by defendant was observed striking St. Charles Deputy Sheriff Richard Henke as Deputy Henke was manning a road block at the Daniel Boone Bridge and Highway 40 in St. Charles County. The purpose of the road block is not germane to this case. The force of the blow mortally wounded Deputy Henke who was carrying a lighted flashlight and was standing near police cars with lights flashing at the time he was hit. Defendant did not stop his auto after colliding with Deputy Henke. Defendant was apprehended about three miles from the Daniel Boone Bridge shortly after hitting Deputy Henke. The front windshield of his auto was caved in and Deputy Henke's revolver and other of his equipment were found on the hood of defendant's car, having been separated from Deputy Henke by the force of impact. The alcohol blood test taken shortly after defendant's arrest established that defendant was in a highly intoxicated state. The certified

suspension order from the Missouri Director of Revenue was received at trial to show that defendant's motor vehicle operator's license was under suspension at the time of the incident.

Defendant's first point of alleged trial error is the admission of photographs of the crime scene which defendant contends do not accurately depict the scene as it existed on the night of February 4, 1971. The photographs were taken during the day whereas the incident occurred at night when it was raining.

The admissibility of photographs is a matter primarily within the discretion of the trial court. State v. Wren, 498 S. W.2d 806 (Mo.App.1973); State v. Vineyard, 497 S.W.2d 821 (Mo.App.1973). The test is whether photographic evidence shows relevant facts which will aid the jury. Photographs taken of a crime scene which reveal different conditions from those existing at the time the crime occurred are admissible and any objections to such photographs go to the weight of the evidence; any differences in conditions may be developed in the evidence. State v. Redding, 357 S.W.2d 103 (Mo.1962); State v. Kinder, 496 S.W.2d 335 (Mo.App.1973).

Here the photographs did show different conditions from those existing at the time the crime took place. The state stipulated that the photographs were taken when it was daylight and dry. These differences were pointed out to the jury; thus, it was for the jury to consider their value and weigh them accordingly. The admission of the photographs was proper.

Defendant next contends that the trial court improperly admitted into evidence a portion of his suspension order because it was not certified by the Director of Revenue. The document was signed by the Director of Revenue and contained the statement that the attached documents ". . . are true and correct copies of said records, and that the following statements are true and correct . . . ."

The document was also notarized. We find that the order of defendant's revocation of license was properly certified under § 303.315, RSMo 1969, V.A.M.S.

Defendant's final point of alleged error is the joinder of two felonies and a misdemeanor. Defendant contends that misdemeanors and felonies cannot be joined in one information and trial.

Rule 24.04 V.A.M.R. provides for joinder of offenses. Although there are minor differences, Rule 24.04 is patterned after Rule 8(a) of the Federal Rules of Criminal Procedure. One important difference is that the federal rule specifically refers to joinder of felonies and misdemeanors while Rule 24.04 provides for joinder of "all offenses which are based on the same act or on two or more acts which are part of the same transaction or on two or more acts or transactions which constitute parts of a common scheme or plan."

Under the federal rule, broad joinder is encouraged in the interests of more efficient administration of criminal justice. Pursuant to Rule 8(a) of the federal rules, joinder of five felony counts for false pretenses and twenty-two misdemeanor counts for unlawful practice of the healing arts, unlawful possession of dangerous drugs and unlawful delivery of dangerous drugs, has been held proper where all offenses occurred over a period of time and all were acts against the community. Daly v. United States, 119 U.S.App.D.C. 353, 342 F.2d 932 (1964), cert. denied 382 U.S. 853, 86 S.Ct. 102, 15 L.Ed.2d 91 (1965). See also Robinson v. United States, 148 U.S.App.D.C. 58, 459 F.2d 847 (1972). And joinder of felonies and misemeanors is expressly referred to under the federal rules.

Here, the three offenses were all part of the same occurrence. Defendant was driving a car while his driving privileges were suspended when he struck and killed Sheriff Henke and then drove away from the scene of the accident. All three offenses occurred at the same moment and there-

fore are properly joined as acts which are part of the same transaction under Rule 24.04.

We hold that felonies and misdemeanors can be joined under Rule 24.04 as long as the situation is one contemplated by the rule. The wording of the rule is "all offenses", and this includes felonies, misdemeanors or both.

The judgment is affirmed.

SMITH, P. J., and CLEMENS and McMILLIAN, JJ., concur.