**STATE of Missouri, Plaintiff-Respondent,**

v.

**Robert Lee BRANNOM, Defendant-Appellant.**

**No. 37040.**

Missouri Court of Appeals, St. Louis District, Division Two.

July 27, 1976.

Herbert A. Kasten, Jr., St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Sheila K. Hyatt, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Daniel J. Murphy, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

This case involves a double homicide which originated with an argument over a hat. Defendant was convicted by a jury in the Circuit Court of the City of St. Louis, Missouri, of manslaughter in two counts for the deaths of Eugene Smith and Robert Rogers. The jury assessed punishment to be ten years imprisonment for Count I and two years for Count II. The court imposed sentences in accordance with the verdict, specifying that the sentences were to run consecutively. Defendant appeals on two grounds: (1) that the court was without jurisdiction to allow prosecution of both counts at a single trial; and, (2) that there was insufficient evidence to show knowing and intentional aid or encouragement by the defendant towards the offenses charged.

■ The challenge to the sufficiency of the evidence necessitates a detailed discussion of the facts. At trial defendant's two sisters Marie Rogers and Ernestine Brannom, both witnesses for the State, testified that at about 7 p. m. on March 1, 1974, there was an argument between defendant and Robert Rogers, Marie's husband. This argument took place on North Twenty-Third Street in front of the house which was shared by four people: Marie and Robert Rogers, Ernestine Brannom, and Eugene Smith, who was Ernestine's boyfriend. The argument concerned a hat which defendant had in his possession but which belonged to Robert Rogers. It ended by Rogers chasing defendant and throwing a brick at him, which did not hit him. Codefendant Herbert Trotter was present during this incident and defendant and Trotter left together in a blue Oldsmobile which belonged to Trotter's father.

State's witness Mrs. Joyce Horton, who lived next door to the Rogers' house, testified that she and her husband Donald stopped by their home momentarily at about 8:30 p. m. on March 1. They parked their car in back of a dark blue Oldsmobile. She waited in the car while her husband went in the house with packages. They both saw a black man get into the Oldsmobile and both Mr. and Mrs. Horton positively identified this man as codefendant, Herbert Trotter. They also saw Eugene Smith in the front doorway of his house and defendant talking with him. This was about three or four feet from where Mrs. Horton waited in the car. As Mrs. Horton waited, she heard defendant say to Smith, "I have something in my pocket that will shoot seven times without stopping." Then she saw him pull out a gun and show it to

Smith. Smith answered, "I believe you, but not around here, because we don't have that kind of stuff around here." Defendant said, "If I give it to him right now, he will shoot it. If you don't believe me, I will give it to him right now." Then defendant put the gun back in his pocket, got in the Oldsmobile where Trotter was sitting, and drove away.

The Hortons were getting ready for bed at about 12:30 a. m. and heard breaking noises outside. Mr. Horton looked out the bedroom window and saw Herbert Trotter standing in the doorway of the house next door, and firing a gun. Horton ran to call the police. When he looked out the window a second time he saw defendant pull himself up to the back window of the house where the shooting had occurred and look inside the house, then run away towards the back of the house. Horton also saw Herbert Trotter running on the sidewalk.

Ernestine Brannom, defendant's sister, testified that at about 12:30 a. m. she was in her bedroom and Eugene Smith and Robert Rogers were in the kitchen. There was a knock on the door and Eugene Smith answered it. Herbert Trotter was standing in the doorway holding a gun and defendant was behind him. Trotter shot her boyfriend Eugene Smith twice. Trotter then said to Robert Rogers, "Why did you want to do it?" Rogers turned to run out of the kitchen into the bedroom and Trotter shot him in the back. Ernestine ran out of the house and hid under a truck until the police came. She saw two pair of feet go by and heard Trotter say, "We are not going to find that bitch," and then the two men separated and ran.

The above recitation of the facts demonstrates that there was ample evidence of defendant's aid and encouragement toward the offenses charged. Presence at the scene of a crime raises wholly different inferences under differing circumstances, and each case must stand upon its own facts. *State v. Simmons,* 494 S.W.2d 302, 305[5] (Mo.1973). "Presence, companionship

and conduct before and after the offense are circumstances from which a defendant's participation in the criminal intent may be inferred." *State v. Johnson,* 510 S.W.2d 485, 489[6] (Mo.App.1974). See also 22 C.J.S. Criminal Law § 88(2) (1961).

In this case all the facts point unequivocally to defendant's encouragement and aid. Defendant threatened Eugene Smith by showing him a gun and saying, "If I give it to him right now, he will shoot it." Trotter acting alone had no reason to kill the two men; the only motive for the shooting was the altercation between victim Rogers and defendant over a hat. The evidence further showed that defendant returned and looked into the window of the house and then fled from the scene. Most revealing of all is the fact that defendant stood unprotestingly behind Trotter as Trotter shot defendant's brother-in-law and the boyfriend of defendant's sister, which caused defendant's sister Ernestine to run from the house in fear of her own life. All these facts show aid and encouragement on the part of the defendant. Furthermore, while Ernestine hid under the truck she saw the feet of her brother and Trotter pass by, and heard Trotter say, "We are not going to find that bitch." The use of the plural pronoun allows the inference that Trotter and the defendant were acting together.

Defendant also objects on the grounds that "the court was without jurisdiction to allow prosecution of two offenses at a single trial, because there exists no statutory authorization therefore, and defendant made known his objection thereto prior to trial and preserved same in his motion for new trial." Although there is no statutory authorization for the joinder of the two counts, there is authorization in the rules of court, specifically, Rule 24.04.[1] This rule permits trial on a multi-count indictment for "offenses . . . which are part of the same transaction . . . or . . . which constitute parts of a common scheme . . . ." This rule has been held to be constitutional. *State v.*

---

1. See generally Scurlock, *Basic Principles of the Administration of Criminal Justice with Particular Reference to Missouri Law,* 44 UMKCL Rev. 139, 190 (1975).

**750**

*Baker,* 524 S.W.2d 122, 126[3, 4] (Mo. banc 1975); *State v. McCollum,* 527 S.W.2d 710, 714[4] (Mo.App.1975).

■ Defendant claims that his pretrial motions requesting severance of the offenses charged in Counts I and II should have been granted as a matter of right. We disagree. Broad joinder is encouraged in the federal rules in the interest of more efficient administration of criminal justice, Rule 8. "The desirability of joinder of offenses arising out of the same or related acts is apparent." Wright, 1 *Federal Practice and Procedure* § 143 (1969). Our Rule 24.04 is patterned after Rule 8(a), *State v. Johnson,* 508 S.W.2d 18, 20 (Mo.App.1974), and has the same interest in the efficient administration of criminal justice. Thus, our state law holds that under Rule 24.04 joinder of offenses which were part of the same occurrence is proper. *State v. Neal,* 514 S.W.2d 544, 548[4] (Mo. banc 1974); *State v. Johnson,* 508 S.W.2d 18, 20[5] (Mo. App.1974); *State v. Johnson,* 505 S.W.2d 11, 12[2] (Mo.App.1974).

■ Furthermore, the grant or denial of a severance or separate trials of offenses charged against a defendant is within the discretion of the trial court. *United States v. Barrett,* 505 F.2d 1091, 1106[11, 12] (7th Cir. 1974); *United States v. Hoog,* 504 F.2d 45, 49[3] (8th Cir. 1974). Likewise, in the recent case of *State v. Toney,* 537 S.W.2d 586 (Mo.App.1976), the court, relying on *State v. Baker, supra,* held that it was not error for the trial court to deny the defendant's motion for a severance of counts. We find no abuse of discretion in the trial court's denial of defendant's motion for severance.

The judgment is affirmed.

CLEMENS, P. J., and STEWART, J., concur.