STATE of Missouri, Respondent,

v.

Adrian MONTGOMERY, Appellant.

No. 36639.

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 30, 1976.

Motion for Rehearing or Transfer Denied
Jan. 14, 1977.

John C. Danforth, Atty. Gen., Preston Dean, W. Mitchell Elliott, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for respondent.

Anderson, Fredrick, Preuss, Elckhorst & Geissal, Clayton, for appellant.

CLEMENS, Judge.

Defendant Adrian Montgomery has appealed from a jury conviction of manslaughter and a prison sentence of ten years. He does not question the sufficiency of the evidence so we briefly outline the facts.

On November 18, 1973 defendant was standing with a group of people in a parking lot near a public housing project in St. Louis. He got into an argument with Ricky Dillard over money defendant claimed Dillard owed him. The argument ended when Dillard ran off toward a group of children playing football. Defendant got a gun from the trunk of his car and fired one shot at Dillard. The bullet struck Aaron Scott in the head, fatally injuring him.

Defendant raises four points. He first contends the trial court erred in admitting the results of a neutron activation analysis and the resultant expert opinion that defendant had recently discharged a firearm. He argues that the one-day lapse

of time between the shooting and the test rendered the results inadmissible. Defense counsel failed to make a specific objection at trial and this issue has therefore not been preserved for review. *State v. Simmons*, 500 S.W.2d 325[2] (Mo.App. 1973). Even so, viewed under plain error Rule 27.20(c) we find the point is not well taken since the lapse of time and its effect on the test results went to the weight, not the admissibility of the evidence. *United States v. Stifel*, 433 F.2d 431 (6th Cir. 1970), *cert. denied* 401 U.S. 994, 91 S.Ct. 1232, 28 L.Ed.2d 531 (1971); *State v. Johnson*, 539 S.W.2d 493 (Mo.Ct.App. at St. L., 1976).

 Defendant's second contention also concerns the admission of the neutron activation analysis. He contends the test results were erroneously admitted because his consent was obtained by deception, but this is refuted by the record. Police officers requested appellant to take a "firearms residue test." He was informed of the purpose of the test as well as his right to refuse to submit to it. The record therefore demonstrates that defendant voluntarily consented to the test. Accord, *State v. Berry*, 526 S.W.2d 92[8, 9] (Mo.App. 1975).

Defendant's third point concerns the State's use of a .38 calibre revolver unconnected with defendant or the crime which was shown to the jury for demonstration purposes. Defense counsel did not object to its use, requesting only that the court advise the jury the revolver was a police weapon furnished for demonstration purposes only. The court so advised the jury. We find no error in the use of the weapon for limited demonstration purposes, since the court granted defendant all the relief his counsel requested. See *State v. Barnes*, 535 S.W.2d 602, l.c. 604 (Mo.App. 1976).

Defendant finally argues that the trial court erred in refusing to instruct the jury on excusable or accidental homicide. He cites the facts contained in his confession as evidentiary support for the instruction. His statement however shows that defendant fired at Dillard as he retreated from defendant, so defendant was neither in an act of self defense nor was he facing sudden combat. We find the evidence did not warrant an excusable homicide instruction. *State v. Cook*, 512 S.W.2d 907[2, 3] (Mo.App. 1974).

Judgment affirmed.

WEIER, P. J., and DOWD, J., concur.