**STATE of Missouri, Respondent,**

v.

**Jerry CRANE, Appellant.**

**No. 38721.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Nov. 15, 1977.

John D. Ashcroft, Atty. Gen., Terry C. Allen, Paul R. Otto, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for appellant.

Robert C. Babione, Public Defender, Theodore Guberman, Mark G. Arnold, Asst. Public Defenders, St. Louis, for respondent.

CLEMENS, Presiding Judge.

In separate counts the state charged defendant with burglary and possession of burglary tools. The jury found him guilty

of each charge and fixed his punishment at imprisonment for six years and three years, respectively. After the trial court imposed those sentences, to run concurrently, defendant appealed.

The substantive facts are simple. Police stopped a car driven by Alvin Cluck in which defendant Jerry Crane was a passenger. In the front seat they found a pistol, flashlights, chisels, pry bars and a lock punch. In the hands of a burglar these could be used as burglar tools. In the trunk, the police found items later identified as having been taken from the burglarized home of Joseph Politte. To show defendant's felonious intent to use the discovered implements as burglar tools, the state introduced evidence of defendant's prior conviction for burglary and showed that both defendant and his companion Alvin Cluck were known to police as burglars. Defendant offered no evidence and does not challenge the sufficiency of the evidence on either count.

■ As to the separate charge of possessing burglar tools, defendant does not challenge the admissibility of the state's evidence of his prior burglary conviction and his reputation as a burglar. Such evidence is admissible to show burglarious intent. *State v. Wing*, 455 S.W.2d 457[11, 12] (Mo. 1970).

Defendant's primary point relied on is based on his premise that the evidence of his prior conviction and reputation as a burglar, although admissible on the possession charge, was inadmissible and prejudicial on the burglary count. The state concedes the premise of defendant's point but denies his conclusion that the court erred in admitting the challenged evidence *in the same trial*. Defendant persuasively argues that the challenged reputation evidence, although admissible on the count charging possession of burglary tools, was inadmissible and prejudicial on the burglary count. We concede a jury might improperly consider the reputation evidence in deciding on defendant's guilt on the burglary charge.

■ Rule 24.04, V.A.M.R., Joinder of Offenses, effective since 1971, provides that separate offenses *may* be jointly charged and tried, but granting a motion for severance of charges is discretionary with the trial court. *State v. Brannom*, 539 S.W.2d 747[4] (Mo.App.1976). Defendant at no time requested a severance nor seek an instruction directing the jury not to consider the reputation evidence in deciding the burglary charge. A defendant's right to avoid one trial on two counts, or to have a limiting instruction, must be asserted in the trial court. Defendant did neither and so waived the alleged error. *State v. Frankum*, 425 S.W.2d 183[14–16] (Mo.1968); *State v. Serna*, 526 S.W.2d 66[2, 3] (Mo.App. 1975).

Defendant has properly preserved for review his challenge to the possession of burglary tools conviction.

By defendant's second point he contends the trial court erred in admitting evidence about the reputation of a Miss Shirley York as a "fence" or receiver of stolen property. This arose during the testimony of police Officer Stephen Sorocko, one of the arresting officers. He testified he had never known defendant but did know defendant's companion, Alvin Cluck, and also knew that one of Cluck's associates was Shirley York. Sorocko was then asked if Shirley York's reputation was known to the police. A side-bar colloquy followed and the state was unable to show any connection between Shirley York and the defendant, other than that Alvin Cluck knew her. The state offered to prove by witness Sorocko that Shirley York had a reputation as a "fence." Defendant objected to testimony about the reputation of "an accomplice of an accomplice" as being irrelevant. The court overruled the objection, and Officer Sorocko testified that Miss York's reputation with police departments was that she was a fence, "a source of stolen property."

Defendant concedes that evidence of the burglarious reputation of an accused's associate, such as that of Alvin Cluck, is admissible to circumstantially establish defendant's felonious intent in possessing burglar

tools. *State v. Watson,* 386 S.W.2d 24[7] (Mo.1964). In our case, however, the state attempted to extend that holding to further allow evidence of the reputation of an associate of an associate of defendant. At trial the state attempted—and the trial court permitted—the state to establish defendant's felonious intent in possessing burglar tools by showing that his companion knew Shirley York and she had a reputation as a "fence."

Defense counsel cites no cases directly holding such evidence is inadmissible but we find his argument logical. He cites two analogous cases which, broadly construed, support his contention. In *State v. Richards,* 334 Mo. 485, 67 S.W.2d 58[1] (1933), the court held a money bag, gun and black rag found at a co-defendant's home were inadmissible against defendant absent a showing of some connection between defendant and the articles. After determining the principal issue to be the identification of defendant, the court asked, "How would the introduction of these articles aid in the identification of the defendant Richards, or tend to prove his connection with the commission of the offense?" In our case the principal issue is the defendant's intent in possessing the described tools. Defendant also cites *State v. Schleicher,* 438 S.W.2d 258[4–7] (Mo.1969), in which the court determined stolen goods seized during a search of the apartment of his alleged accomplice should be suppressed at defendant's trial unless some connection between defendant and the articles is shown.

■ Here, we must decide whether the fact that Alvin Cluck was an associate of a known "fence" was relevant to the issue of defendant's burglarious intent in possessing the seized tools.

Our own research yields no case directly in point. The rule of "res inter alios acta" does support defendant's argument. The phrase means "a thing done between others, or between third parties or strangers, [and] forbids the introduction of collateral facts which by their nature are incapable of affording any reasonable presumption of inference as to the principal matter in dis-

pute." *State v. Dupree,* 477 S.W.2d 129[4–6] (Mo.1972). Shirley York's reputation as a "fence," a person unknown to defendant, does not create a reasonable inference that defendant possessed the tools with burglarious intent.

For that reason the evidence was irrelevant. "Evidence is considered relevant if the fact it tends to establish tends in turn to prove or disprove a fact in issue, or to corroborate evidence which is relevant and which bears on the principal issue." *Charles F. Curry & Co. v. Hedrick,* 378 S.W.2d 522[18, 19] (Mo.1964). Since no connection between defendant and Miss York was ever established, her reputation as a "fence" was irrelevant because it did not tend to prove the fact in issue, i. e., defendant's burglarious intent.

■ The state argues that Miss York's reputation is relevant because it corroborates Alvin Cluck's reputation as a known burglar. Even were we to assume the evidence was relevant, however, it should have been excluded because it is prejudicial. Evidence of a collateral matter should be excluded if it brings into a case new controversial matters which cause prejudice disproportionate to the value and usefulness of the offered evidence. *Daniels v. Dillinger,* 445 S.W.2d 410[5–8] (Mo.App.1969).

We hold the trial court's admission of the testimony of Shirley York's reputation was erroneous.

■ This brings us to the question of prejudicial or harmless error. "Error in the admission of evidence should not be declared harmless unless it is so without question." *State v. Degraffenreid,* 477 S.W.2d 57[14] (Mo.1972). Error is not harmless where the record fails to demonstrate defendant was *not injured* by the error as by showing the jury disregarded or could not have been influenced by the evidence. *State v. Wynne,* 353 Mo. 276, 182 S.W.2d 294[9] (1944). Here, the factual issue to be proven was that the implements in defendant's control were feloniously intended for use in committing a burglary. Miss York's reputation as a "fence" was irrelevant to

that issue. In *Switzer v. Switzer*, 373 S.W.2d 930[13–17] (Mo.1964), the court declared: "Evidence in any suit should be relevant; and evidence that throws no light on the controversy should be excluded as it tends to confuse the issues and operate to prejudice a party before the jury."

■ The possession charge against defendant was circumstantial and the record fails to show the jury disregarded or could not have been influenced by the admission of Shirley York's reputation as a "fence." Being unable to conclude the error was harmless, it follows that it was prejudicial.

■ As ruled in *State v. Burchett*, 302 S.W.2d 9[2] (Mo.1957): "Prejudice, as it affects the defendant's legal rights, is not a matter of degree. If the defendant was prejudiced to any extent by the improper evidence, it was undue and we cannot say that the defendant had a fair and impartial trial according to the law and the evidence."

■ We believe this erroneous admission of evidence was an error materially affecting the jury verdict and requires the granting of a new trial. The scope of the new trial—as to one count or both—is within our discretion, "according to the circumstances of the case." Section 547.290, RSMo. 1969. Thus, in *State v. Dixon*, 420 S.W.2d 267[8] (Mo.1967), where defendant was charged with burglary and stealing and the trial court erroneously admitted evidence, the supreme court ordered a new trial on both charges, holding: "Although such testimony related primarily to the stealing charge, it also bore upon the element of entering under the burglary charge and we cannot say that the verdict on both charges was not influenced by the testimony. Therefore, the conviction on both charges must be reversed."

Similarly, in *State v. Williams*, 515 S.W.2d 544[8] (Mo.1974), where the state charged murder and robbery under Rule 24.04, V.A.M.R., and the trial court erred as to one count, the supreme court reversed and remanded as to both counts, holding: "The state elected to take advantage of Rule 24.04, V.A.M.R., and to charge both murder and armed robbery in the same information and to try the defendant on both charges at the same trial. The state having done so and receiving the benefit of having the jury hear the entire evidence involving both offenses, there is no way by which it might be determined to what extent the failure to accord the defendant the challenges to which he was entitled on the murder charge also prejudiced his trial on the robbery. The two charges were so interwoven that the outcome of the murder charge would most likely determine the outcome of the robbery charge. In such circumstances, both convictions should be reversed [and remanded]."

■ Here, evidence of the burglary and possession of burglar tools was closely connected both in time and place. While the evidence of defendant's reputation as a burglar was relevant to the charge of possessing burglar tools it was inadmissible and prejudicial on the charge of burglary. As in *Williams*, supra, the two charges were so interwoven that the outcome of one would most likely determine the outcome of the other.

We conclude the judgment should be reversed and remanded for a new trial on all issues, without prejudice to the defendant's right to seek a severance of the two charges. It is so ordered.

SMITH and McMILLIAN, JJ., concur.