STATE of Missouri, Respondent,

v.

George L. SMITH, Appellant.

No. KCD 29490.

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

Paul Crider, Jr., Public Defender, Rolla, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

George Smith was convicted of burglary and stealing. §§ 560.045 and 560.110, RSMo 1969. He was sentenced by the court under the Second Offender Act to five years confinement on each conviction.

On this appeal Smith alleges error in the admission of a photograph and in allowing the jury to have such photograph in the jury room. Affirmed.

Smith does not challenge the sufficiency of the evidence to sustain his conviction. He and two other men were seen removing furniture from a display mobile home in a mobile home park and loading it into a truck. The owner of the park was called and drove to the scene. He parked his car in such a position the truck containing the furniture could not be moved. The three men then fled on foot into an adjoining woods. Smith was identified in court as one of the three men who ran from the truck.

Smith was arrested about two hours later on a partially constructed road about three-fourths mile from the burglary scene.

■ The State introduced an aerial photograph which showed the mobile home park, the woods and the road on which Smith was arrested. The burglary had occurred in April but the photograph was taken in the winter so the photograph did not show any foliage. In addition, the road on which Smith was arrested was only partially completed at the time of the crime but the photograph revealed the road to be fully constructed.

The above differences between the conditions existing at the time of the crime and when the picture was taken were fully explained to the jury.

The rules concerning the admission of photographs and changed conditions of a crime scene are fully developed in *State v. Johnson*, 508 S.W.2d 18, 20 [1, 2] (Mo.App. 1974). That case holds the admissibility of photographs rests in the discretion of the court and any differences existing in the conditions between the time of the crime and the taking of the photograph may be developed in the evidence. Such differences go only to the weight to be accorded the photograph.

Smith also argues the photograph made the arrest scene appear farther from the burglary than the actual distance. All of these matters were fully explained to the jury. Under the rules announced in *Johnson* the court did not err in admitting the photograph.

■ Smith further argues the court erred in allowing the jury to have this photograph in its jury room. The court has discretion to allow the jury to take exhibits to its room. *State v. Jordan*, 532 S.W.2d 776, 782 (Mo.App.1975).

Smith does not demonstrate any reason why such exhibit should not have been permitted in the jury room except the conditions and differences previously discussed.

The judgment is affirmed.

All concur.