**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Raymond Allen JACKSON,
Defendant-Appellant.**

No. 37086.

Missouri Court of Appeals,
St. Louis District,
Division Three.

March 21, 1978.

Motion for Rehearing and/or Transfer
Denied May 9, 1978.

Fredman, Watkins & Fredman, Richard
A. Fredman, St. Louis, for defendant-appel-
lant.

John D. Ashcroft, Atty. Gen., Paul Robert
Otto, Asst. Atty. Gen., Jefferson City, for
plaintiff-respondent.

GUNN, *Presiding* Judge.

Defendant was charged in separate counts, tried and convicted of first degree murder and possession of heroin. On appeal, defendant charges: (1) that Rule 24.-04, which allows joinder of offenses and under which defendant was tried, is unconstitutional; (2) that the crimes of murder and possession of heroin did not arise out of the same transaction, requiring that the two charges be severed for separate trial; (3) that the State failed to prove the reliability and accuracy of a neutron activation analysis which established that defendant had recently discharged a firearm. Despite the substantial evidence of the defendant's guilt, we are compelled to hold that under the circumstances here presented the first degree murder and heroin possession charges should have been severed for separate trial.

The victim, Eddie Spurlock, and his live-in companion, Angela Tate, had returned to their third floor St. Louis apartment from an evening's entertainment. The defendant was also a resident of a third floor apartment in the same building in which Spurlock and Ms. Tate resided. Spurlock, at Ms. Tate's request, preceded her into the apartment hallway. Ms. Tate heard an explosion and ran from the building in search of a policeman. Nearby police observed two men—one the defendant—fleeing from an area near Spurlock's apartment building *and* gave chase. During the pursuit, the defendant threw down a sawed-off shotgun which the police ultimately recovered, and he was captured when he suffered the contretemps of slipping and falling on some mud. Defendant was immediately arrested and a search disclosed 15 capsules of heroin in his possession. Police responding to Ms. Tate's cries for help found Spurlock lying on the floor of the apartment building mortally wounded by a *shotgun* blast to the chest. Shotgun *pellets* taken from Spurlock's body after the pernicious attack were the same size as *those* which had been fired from the spent shell casing found in the shotgun which defendant had discarded. A *neutron* activation analysis conducted on *defendant's hands* established that he had recently discharged a firearm.

Defendant's defense was that he had not fired any firearm; that he had fled after hearing the shotgun explosion simply from fear of being captured by police while he was in possession of heroin.

Prior to trial, defendant's counsel moved for separate trials on the murder and heroin possession charges. After being assured by the prosecutor that the evidence would establish that the two charges arose out of the same transaction, the trial court denied the motion for severance.

█ Defendant first assails the constitutionality of Rule 24.04 which allows joinder of offenses. Defendant argues that the rule changed defendant's substantive rights without legislative approval. Defendant, by first raising the constitutionality issue in his motion for a new trial, has failed to preserve this point for review by not raising it at the first opportunity during trial. *State v. Hegwood,* 558 S.W.2d 378 (Mo.App. 1977); *State v. Mitchell,* 554 S.W.2d 581 (Mo.App.1977). Further, such contention is destitute of merit. The exact contention that defendant raises—that Rule 24.04 is a substantive, rather than a procedural charge, requiring legislative action—was considered and rejected by our Supreme Court in *State v. Duren,* 556 S.W.2d 11 (Mo.banc 1977). *State v. Duren, supra,* specifically holds that Rule 24.04 is procedural and does *no violence* to Art. V, § 5 of the Missouri Constitution. We adhere to the *Duren* decision. See also *State v. Perkins,* 555 S.W.2d 693 (Mo.App.1977).

█ Defendant suggests that the evidence relating to the neutron activation analysis was maculated and therefore inadmissible. He argues that there was no proof that the equipment used to perform the test had been tested for accuracy. This point has not been preserved for appeal, as defendant's objection at trial to the neutron analysis evidence only went to the issue of whether the neutron activation analysis test is considered to be reliable and accurate by the scientific community. It is so recognized. *State v. Duncan,* 540 S.W.2d 130

(Mo.App.1976); *State v. Johnson,* 539 S.W.2d 493 (Mo.App.1976); *State v. Ross,* 523 S.W.2d 841 (Mo.App.1975). See also *State v. Montgomery,* 545 S.W.2d 655 (Mo. App.1976). Furthermore, the precise point raised by defendant on appeal—that the instrument used to conduct the test had not been checked for accuracy—was considered and rejected in *State v. Johnson, supra.* We, too, reject defendant's argument on this point.

Defendant argues that his motion to sever the murder and heroin possession counts should have been granted, as the two crimes did not qualify for joinder under Rule 24.04. There is no statutory authority providing for joinder of offenses, but joinder is permitted under the strictures of Rule 24.04, providing as follows:

> "All offenses which are based on the same act or on two or more acts which are part of the same transaction or on two or more acts or transactions which constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts, or in the same count when authorized by statute. Any indictment or information may contain counts for the different degrees of the same offense or for any one of such degrees."

Although the prosecutor assured the trial court that evidence would be brought forth which would establish that the two crimes had risen out of the same transaction—and it is readily conceivable that the two crimes under suitable circumstances would be proper subject for joinder—the prosecutor failed to present evidence of any connection between the two crimes which would fit them within the provisions of Rule 24.04. See *State v. Prier,* 561 S.W.2d 437 (Mo.App.1978). The State's theory of the murder motive was that on a day prior to the feral attack, Spurlock had accused the defendant of breaking into his apartment. An imbroglio ensued, with Spurlock decidedly besting defendant in fisticuffs. The State contended that by reason of the beating administered by Spurlock, defendant had vented his animus on him by lethal attack. There was no evidence to correlate the heroin possession and murder or establish by even the most remote possibility that the two crimes were part of the same transaction, common plan or scheme. The crimes here appear to be independent transactions, unrelated to each other, and not the product of a single or continuing motive. We are constrained to reverse and remand for a separate trial as to each of the two counts. *State v. Prier, supra.*

Reversed and remanded.

SIMEONE, C. J., and KELLY, J., concur.