STATE of Missouri, Respondent,

v.

**Terry Lee JONES, Appellant.**

**No. 40133.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 29, 1979.

Robert C. Babione, Public Defender, Blair K. Drazic, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Jefferson City, Michael P. Donegan, Asst. Attys. Gen., Columbia, George A. Peach, Circuit Atty., James McCarney, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

A jury found defendant guilty of first degree robbery (Count I) and also guilty of armed criminal action (Count II). The trial court sentenced defendant, a former felon, to consecutive terms of twenty and three years' imprisonment.

On appeal defendant first seeks reversal on the ground of double jeopardy because the jury returned signed verdict forms finding him both guilty and innocent on each count. These verdicts were immediately corrected by the jury filing only the guilty verdicts. We deny this point. Alternatively, defendant seeks a new trial on the ground of a hearsay statement by another suspect implying that defendant, not he, had committed the robbery. We grant this point.

Defendant's double jeopardy claim arose in this way: The trial court furnished the jury with four verdict forms separately permitting the jury to find defendant guilty and not guilty on each count. When the verdict forms were returned the court first read one finding the defendant not guilty as to Count I and was promptly interrupted by the jury foreman saying, "No, no, no. I'm sorry, sir. I guess I was nervous. I signed both of them. And I just now realized I should not have." The court then determined that the foreman had signed all four verdict forms. The foreman declared it was his mistake because the jury had found him guilty on both counts. The court instructed the jury to retire and return with the proper forms and gave them four new forms "to be signed by whatever verdict you reach." The jury returned eleven minutes later with verdicts of guilty on each count.

Defendant's basic contention is that two of the original verdict forms found him not guilty, and for the trial court to consider the guilty verdict forms constituted double jeopardy. This ignores the law that when a jury returns a patently ambiguous verdict the trial court has the duty to direct the jury to retire and return with a proper verdict reflecting their true decision. See *Keyes v. Chicago, B. & Q. Ry. Co.*, 326 Mo. 236, 31 S.W.2d 50 [1] (1930) and *Glaves v. Old Gem Catering Co.*,, 18 S.W.2d 564 [6] (Mo.App.1929) which squarely refute defendant's contention. We deny defendant's claim for reversal because of double jeopardy and consider his trial objection to hearsay testimony.

■ In court the victim identified defendant as the robber. Two bystanding witnesses—one definitely and tentatively—also identified him. Defendant does not challenge the sufficiency of the evidence.

The state's first witness was Detective Ronald Young, on whose hearsay testimony defendant bases his contention of prejudicial error. Detective Young testified he showed the victim a group of five photographs, including those of defendant and also of Ed Wiley. From these the victim identified Ed Wiley as the robber. Detective Young sought out Wiley and testified: "After speaking with Ed Wiley I then put out a wanted on our computer for the arrest of [defendant] Terry Jones." Defense counsel objected and moved for a mistrial on the ground the state had brought in "a hearsay implication by this Mr. Wiley that Jones was the robber." The court denied defendant's motion for a mistrial, and also denied his motion to instruct the jury to disregard the detective's comment about having defendant arrested after he had talked to Mr. Wiley. By these rulings the trial court clearly condoned jury consideration of the hearsay statement. Defendant squarely preserved his point in his motion for a new trial and this appeal.

Clearly it would have been inadmissible, as hearsay, for the state to produce direct evidence that Ed Wiley had "fingered" defendant as the robber. Had the state produced Wiley he would have to testify under oath and be subjected to cross examination. The state avoided this by having detective Young testify that after talking with Ed Wiley he immediately put out an arrest order for defendant. The implication is clear that Ed Wiley had told Detective Young that defendant was the robber. Defendant was thereby deprived of his right to sworn testimony and the right to confrontation and cross examination.

A similar issue arose in the case of *State v. Chernick*, 280 S.W.2d 56 [2–4] (Mo.1955). There, over objection, the circuit attorney testified that after talking with one Scholl, a robbery participant, he put out an arrest order for defendant. Finding this was reversible error, the court held: "Now the same considerations which would have invoked the rule excluding hearsay evidence of the actual assertions of Scholl would forbid that any inference against defendant should be drawn from the conduct of the Circuit Attorney actuated by what Scholl may have said." The court explained: "The essential principle of the hearsay rule is that for the purpose of securing trustworthiness of testimonial assertions, and of affording the opportunity to test the credit of the witness, such assertions are to be made in court, subject to cross-examination."

*Chernick* was followed in *State v. Johnson*, 538 S.W.2d 73 (Mo.App.1976), a robbery case, where a sheriff testified that after he had talked to one robbery suspect he arrested the defendant. Reversing, the court ruled: "The clear inference immediately suggested and convincingly supported by the above-quoted testimony of Sheriff Shelly . . . that gunman Jones had implicated defendant Johnson as a coparticipant in the Sportster robbery, probably was as prejudicial as whatever Jones actually had said; and the same considerations which would have excluded the hearsay statement of Jones . . . Thus, Shelly's testimony inferentially disclosing that an alleged coparticipant had implicated defendant in the robbery 'was just as much hearsay and objectionable as the implicating statement itself would have been.'" In a footnote the court added: "The absence of an opportunity to cross-examine Jones, the alleged coactor, also denied to defendant Johnson his constitutional right to confront the witnesses against him face to face."

Having concluded that admission of the challenged evidence was erroneous, we consider whether it was prejudicial, as defendant contends, or harmless, as the state argues, because of the unchallenged mass of incriminating evidence.

Reversing defendant's conviction for the admission of irrelevant evidence in *State v. Crane*, 559 S.W.2d 294 [7] (Mo.App.1977) we held: "Error in the admission of evidence should not be declared harmless unless it is so without question. *State v. Degraffenreid*, 477 S.W.2d 57 [14] (Mo.1972). Error is

not harmless where the record fails to demonstrate defendant was *not injured* by the error as by showing the jury disregarded or could not have been influenced by the evidence. *State v. Wynne*, 353 Mo. 276, 182 S.W.2d 294 [9] (1944). . . . *In Switzer v. Switzer*, 373. S.W.2d 930 [13–17] (Mo. 1964), the court declared: 'Evidence in any suit should be relevant; and evidence that throws no light on the controversy should be excluded as it tends to confuse the issues and operate to prejudice a party before the jury.' "

Nor can we accept the state's argument that in view of the other unchallenged evidence of guilt it was harmless to admit the evidence of Detective Young's statement that his conversation with suspect Ed Wiley had led to him arresting the defendant. In *State v. Garrett*, 564 S.W.2d 347 [2–5] (Mo. App.1975), we considered the limitation on the judicial role in declaring harmless error. We held: "For a court to so determine, of necessity it must be able to declare beyond doubt that the tainted evidence did not affect the jury in its fact-finding process. It is, of course, the jury's sole prerogative to believe, or disbelieve, all or part of any item of evidence. An appellate court has no way of knowing—and should not speculate about—what evidence a jury did or did not believe and the extent to which that evidence entered into the jury's decision-making process. The rationale of these principles is capsulized in the judicial pronouncements that 'error in the admission of evidence should not be declared harmless unless it is so without question' (*State v. Degraffenreid*, 477 S.W.2d 57 [14] (Mo. 1972)), and that the record must "demonstrate that the jury disregarded or could not have been influenced by the evidence." (*State v. Wynne*, 353 Mo. 276, 182 S.W.2d 294 [9] (1944))."

In sum, we hold the trial court erred prejudicially in admitting Detective Young's statement as to arresting defendant pursuant to his conversation with suspect Ed Wiley.

Reversed and remanded.

REINHARD, P. J., and GUNN, and CRIST, JJ., concur.