Leo WEBB, Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 30577.

Missouri Court of Appeals, Western District.

Oct. 1, 1979.

As Modified on Courts' Own Motion Oct. 29, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 15, 1979.

Application to Transfer Denied Dec. 6, 1979.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Kevin R. Locke, Asst. Public Defenders, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Earl W. Brown, III, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from order denying post-conviction relief pursuant to motion filed under Rule 27.26.

█ The circuit order denying post-conviction relief was entered upon the record and without an evidentiary hearing. The order was entered of record November 1, 1978.[1]

On July 29, 1975, appellant was, by jury, convicted of two counts of receiving stolen property. Punishment was assessed at seven years on each count, said sentences to run consecutively. Appellant was sentenced on September 12, 1975. Appellant's conviction was upheld on appeal, see *State v. Webb*, 544 S.W.2d 53 (Mo.App.1976).

Appellant filed his motion for post-conviction relief pursuant to Rule 27.26. The circuit court denied relief without an evidentiary hearing and upon the record. This appeal followed the action by the circuit court.

On this appeal, three points are alleged as error. Appellant first contends the trial court erred in overruling appellant's motion because appellant did not knowingly, voluntarily and intelligently agree to the consolidation of both charges against him. Appellant claims he was tried jointly on both charges as a result of being misled by the trial court. Appellant also claims that his counsel ineffectively advised him that the prosecutor could dismiss both charges and refile an information alleging both charges in separate counts, and that he therefore had no right whatsoever to move for the severance of both counts.

Appellant, for his second contention, claims the court erred in overruling his motion because he was not present and did not waive his rights to be present at the hearing to determine the applicability of the Second Offender Act.

Appellant's final point alleges that the trial court erred in overruling his motion because his trial counsel was ineffective in neglecting to object to the introduction of certain evidence.

Upon briefing and docketing, this case was orally argued before this court. Appellant was granted leave to submit and include for consideration the case of *State v. Buford*, 582 S.W.2d 298 (Mo.App.1979).

The points alleged will be taken up and disposed of in the order of their presentation. The facts, as applicable to each point, must be considered.

█ As to point one, the record discloses the following discussion relative to the consolidation of the two counts:

"THE COURT: All right. Now, I want to . . . I also want to advise you that you do have the opportunity under the present status of the cases, of trying . . . having those two cases tried separately. However, there would be nothing to prevent the prosecutor's office from proceeding under a reindictment or dismissal of these cases and refiling both cases under two counts in which event they would be tried together. Now, all I want to get straight for the record is, that what we're proposing to do here this morning is to commence the trial of all three cases and its's your request that all three cases be tried before the same jury at the same time, is that right?"[2]

to which appellant responded,

"LEO WEBB: I don't have no objection to that, but what I was going to say is, if I did do that, I have to make another bond of what they say. I have done spent a thousand dollars already on

---

1. The rule in *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978), being prospective, is not applicable to the case herein.

2. It must be pointed out that appellant herein was charged with two counts and his brother was charged with a like offense. This is why the trial court refers to three rather than two cases.

bonds, see, put it five thousand on each charge. What I am getting at is, they read one indictment that I had to make a $5,000.00 bond, then they read another indictment, then I have to make another $5,000.00 bond."

Following that interchange, the court continued:

"THE COURT: All I'm trying to get at, Mr. Webb, is that there are two separate cases against you and we're going to proceed to try both of them at the same time, and I want to know if you have any objection to that."

Appellant responded to the court's second reference to trial on both counts with the following:

"LEO WEBB: No, I don't have no objection to it."

On the record, there followed an inquiry by the two attorneys representing appellant to see if he understood that the charges could be dismissed and a trial held on both counts at a later time. Appellant acknowledged he had this explained to him and that he understood the matter.[3]

Under point one, appellant charges he was misled by the trial court. Reference to the record herein refutes this contention. To the contrary, the trial court provided appellant timely opportunity to object to trial on both cases.

The remainder of the allegations of point one is different, if not unique, in that appellant alleges violation of his rights under Rule 24.04 by reason of ineffective assistance of counsel. Rule 24.04 states:

"All offenses which are based on the same act or on two or more acts which are part of the same transaction or on two or more acts or transactions which constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts,

or in the same count when authorized by statute. Any indictment or information may contain counts for the different degrees of the same offense or for any one of such degrees."[4]

It is alleged that counsel for appellant failed to advise appellant of his right to file a motion to sever the two cases against him if and upon the condition that the prosecutor chose to dismiss and refile the charges as discussed supra.

Rule 24.04, of course, provides a safeguard against improper joinder of offenses. The rule itself does not mandate a severance of multiple charges, rather, an accused possesses the right to file a motion to sever the counts, see *State v. Buford, supra.* Our courts are possessed of discretion as to the granting of the motion, *State v. Crane,* 559 S.W.2d 294 (Mo.App.1977) and *State v. Brannom,* 539 S.W.2d 747 (Mo.App. 1976).

In the case of *State v. Prier,* 561 S.W.2d 437 (Mo.App.1978), the court goes to great length to detail the rule on joinder (Rule 24.04) and provides a good comparative analysis of the similar federal rule.[5]

*State v. Prier, supra* and *State v. Jackson,* 566 S.W.2d 227 (Mo.App.1978) were cited and relied upon by appellant. By leave of this court, appellant was granted permission to include *State v. Buford, supra.* These cases (*State v. Prier, supra, State v. Jackson, supra* and *State v. Buford, supra*) specifically discuss the application and limitation of Rule 24.04.

*State v. Prier, supra,* provides that joinder of two offenses constituting parts of a common scheme does not authorize the joinder of a third offense unrelated to the first two, and for the premise that even if joinder of offenses is proper under federal rules of criminal procedure, under particular circumstances, such joinder might still be prej-

---

3. It should be noted that appellant's brother, upon the record, agreed to the joinder of the charges against him and that the two defendants stipulated and agreed that all three cases could be tried jointly in one trial.

4. Rule 24.04 revised effective January 1, 1979 to include provision for capital murder offenses.

5. See Federal Rules Criminal Procedure 8(a) for comparison. This rule contains language broader than Missouri Rule 24.04.

udicial to an accused. The case goes further in pointing out that relief is available to an accused upon a showing of prejudice and if timely objected to, severance is to be granted.

Under the case of *State v. Jackson, supra,* the court again pointed out that unrelated acts are to be tried separately. The court, in this case, also pointed out that the joinder of offenses is procedural and not a substantive matter. In this case, the question first arose on defendant's motion for new trial on the basis of a violation of the defendant's constitutional rights. The court ruled, and properly so, that the defendant had preserved nothing for review. Prior to trial, however, the defendant had filed his motion to sever. Upon claim by the state that the evidence would show the two charges arose out of the same occurrence, the motion was overruled. The cause was reversed and remanded simply upon the lack of evidence to support the state's contention.

*State v. Buford, supra,* serves to declare that Rule 24.04 does not mandate severance, although, as the opinion states at p. 303, in quoting from *State v. Prier, supra* :

> ". . . the Missouri courts have 'evinced a willingness to consider the question of whether a trial court has abused its discretion in denying a request for separate trials . . .' "

In *State v. Buford, supra,* a motion to sever was filed and in reversing the cause, the court concluded that denial of severance was an abuse of discretion.

The foregoing cases all possess a common denominator, which is lacking in the case herein. That common denominator is the motion to sever and the relative action by the courts in each instance concerning the motions.

In the present case, appellant attempts to bring himself within the protection afforded in *State v. Prier, supra, State v. Jackson, supra* and *State v. Buford, supra,* by alleging ineffective assistance of counsel.

■ The evidence on the face of the record simply fails to support appellant's contention. This conclusion is inescapable when one first considers there is no constitutional right to be tried upon a single offense, see *State v. Baker,* 524 S.W.2d 122 (Mo. banc 1975), and that Rule 24.04 is procedural and not substantive, see *State v. Jackson, supra.*

■ In the case herein, appellant was represented by two attorneys upon trial. He was afforded the opportunity to object to the consolidation of the two cases against him. The record is clear and convincing that appellant counseled with his attorneys regarding severance and entered a voluntary waiver to exercise his right to have the cases severed. Indeed, the record shows on its face he was not only apprised of his right to have the cases tried separately, but when directly asked by the trial judge if he had any objection to the trial upon both cases, he responded with an unequivocal negative response. Avoidance of trial on two or more counts can be waived, *State v. Crane, supra.*

■ The record clearly shows appellant voluntarily waived his right to have the two charges against him severed when such a proposal was asked of him by the trial judge. The voluntariness of appellant's action is sufficient to dispose of the matter, but this court would be remiss if the entirety of the question were not considered, since appellant postulates his point of error upon ineffective assistance of counsel.

A study of the transcript leads to the inescapable conclusion that the consolidation of the three charges was a matter of trial strategy. The record shows this question had been discussed previously and at the time of trial, the parties were prepared to stipulate trying all three cases within the same trial and before the same jury.

■ Under Rule 27.26, mere trial error is not a matter for review; rather, it is a matter to be raised by direct appeal, *Cook v. State,* 511 S.W.2d 819 (Mo.1974). Such a rule is not absolute, however, matters violative of constitutional rights are properly reviewable pursuant to Rule 27.26, even though the same errors could also be raised upon appeal.

This exception does not apply regarding this appellant, under the present facts of this case, as there is no constitutional guarantee, either federal or state, to be tried for only one offense at a time, *State v. Baker, supra.*

As has been pointed out, it is clear this appellant entered into a voluntary agreement with the prosecution for a single trial of two offenses charged against him. The record fully discloses such trial approach had been discussed by appellant and his counsel in advance of the trial, and that the agreement to a consolidation of the causes was a trial strategy elected to be followed by appellant and his counsel.

The two foregoing conclusions were sufficiently clear on the record that it was not necessary to grant appellant an evidentiary hearing in the matter.

An afterthought conjured up by appellant and his counsel must even, under the most liberal interpretation, understanding and application of review under Rule 27.26, contain some element of substance to prevent such afterthought from amounting to nothing more than an absurd subjective conclusion. Based upon the evidence upon the face of the record, this court is forced to conclude that the assertion made by appellant and his counsel under the facts of this case amount to nothing more than an unsupported subjective and absurd assertion.

Point one is ruled against appellant.

As his second allegation of error, appellant alleges the court erred in overruling his motion because he was not present during the determination of the applicability of the Second Offender Act. The record of this case clearly establishes that appellant was responsibly represented by two attorneys.

The record further shows that outside the presence of the jury, the state offered Exhibits 19 and 20. Exhibit 19 was the certified transcript of appellant's incarceration for a felony offense in 1967. Exhibit 20 was a certified copy of the conviction of appellant for a felony offense in 1967. The court went to great length to insure defense counsel the opportunity to challenge these exhibits.

Appellant's allegations would have this court believe that the trial court summarily took up the matter of the second offense without appellant's being a party to that phase of the trial. The record simply refutes appellant's allegation.

The records of conviction and confinement of 1967 were part of the records of Division No. 8 of the 16th Judicial Circuit.

The record herein clearly shows appellant was present during the time of the trial. The record does not show whether appellant was specifically present at the time the second offender question was determined, but it does show he was responsibly represented by counsel at this precise time.

■ Rule 29.02 provides that any person indicted for a felony must be present during the trial on such charge. The record herein establishes appellant was present, thus Rule 29.02 was satisfied. Waiver of this guarantee can be made by an accused at anytime and such right can be waived by counsel for the accused, *State v. Sanders,* 539 S.W.2d 458 (Mo.App.1976). This record does not reflect if appellant was actually present during the second offense determination, but it does show appellant was represented by counsel and that counsel was present when this question was resolved by the trial court.

In those instances where the record does not unequivocally establish an accused's presence but alternatively that he was represented by counsel, the rule in *State v. Smith,* 324 S.W.2d 707 (Mo.1959) serves as an answer to the question. The court, at 713, stated:

"While the record in express words does not state that defendant's counsel was then present in the courtroom, there is nothing in the record to indicate that counsel was not still present, properly representing the defendant. It must be presumed that the court acted in a proper manner and, since no record is presented indicating a change of conditions or the departure of defendant's counsel from the court, we must assume that he contin-

ued to represent the defendant. See *State v. Beedle*, Mo.Sup., 180 S.W. 888, 890(6)."

This question is also referred to in the statutes, wherein it is found,

".  .  . when the record in the appellate court shows that the defendant was present at the commencement or any other stage of the trial, it shall be presumed, in the absence of all evidence in the record to the contrary, that he was present during the whole trial." (§ 546.-030, RSMo 1978) [6]

█ There is no evidence in the case herein to even suggest that defense counsel waived any right of appellant; but assuming arguendo that such question might arise under a different set of facts in such instance, an accused most show that such action was prejudicial to his receiving a fair trial, see *State v. Colbert*, 344 S.W.2d 115 (Mo.1961). Counsel herein, as is shown by the record, was at all times present and diligent in representing appellant's rights.

█ On the general question of sentencing, since in this case the Second Offender Act was properly applicable, an accused has no constitutional right to be sentenced by a jury, but sentence may be affixed by the court, *State v. Morton*, 338 S.W.2d 858 (Mo. 1960), and since no constitutional right is affected under such conditions, such error may not be raised by Rule 27.26, *State v. Brownridge*, 506 S.W.2d 466 (Mo.App.1974).

█ Upon the face of the record, in addition to the statutory language of § 546.030, RSMo 1978, *State v. Beedle, supra, State v. Smith, supra, State v. Morton, supra* and *State v. Brownridge, supra*, appellant's contention is found to be without merit. Point two is ruled against appellant.

█ The final point raised by appellant herein alleges ineffective assistance of counsel upon the failure of trial counsel to object to the introduction of certain documentary evidence. Appellant alleges error by the trial court in its failure to sustain appellant's motion because the lack of such objection upon trial established ineffective assistance of counsel.

Briefly, the issue of the warranty book as evidence must be reviewed. Law enforcement officers went to appellant's home with a search warrant for purposes of searching for two stolen weapons. Another officer, who was assigned to the auto theft unit, accompanied the original officers. While on the premises, the auto theft unit officer identified himself to appellant and asked for and was granted permission to search appellant's garage. Appellant knew this officer was assigned to the auto theft unit and the officer informed appellant he was investigating appellant for auto theft charges. During the permitted search, the officer was accompanied by appellant, and the warranty book for a 1963 Ford Truck was found. The book contained, on its inside cover, the words, "Mayfield, Tarkio, Missouri". The officer, that same day, had received a report of a stolen vehicle belonging to a Mr. Mayfield. The warranty book, in an envelope but clearly identifiable as such, was in plain view of appellant and the officer.

The warranty book and the envelope were attacked vigorously by trial counsel at the time of appellant's motion to suppress. The trial court properly overruled appellant's motion to suppress upon the finding that the search of appellant's premises and the acquiring of the warranty book were under the voluntary permission of appellant.

Now, upon this review, this court is requested to conclude that the trial counsel was ineffective upon his failure to object to this evidence during the course of the trial. Appellant reaches out and arrives at some mythical conclusion that the failure to object to this one item of evidence establishes his trial counsel was ineffective.

█ If this court were of a mind to merely consider the letter of the law, appel-

---

6. This section remains intact notwithstanding the enactment of the new criminal code. Reference remains to § 546.030, RSMo 1978.

lant's third point could be summarily dispensed with as being not within the purview of Rule 27.26. To state in another way, the court has pointed out, "The mere failure to make objections does not constitute ineffective assistance of counsel." *Nelson v. State*, 537 S.W.2d 689 at 695 (Mo.App.1976). The matter of ineffective assistance of counsel must go beyond mere error in judgment, *Nelson v. State, supra*, and appellant must show a substantial deprivation of his right to a fair trial, *McConnell v. State*, 530 S.W.2d 43 (Mo.App.1975); that suppression of evidence is largely a matter of trial strategy, see *State v. Sanders, supra*.

In addition to the foregoing, it is absolutely clear from the record that this appellant, at every stage of these proceedings, was represented by competent, aggressive defense counsel.

▆▆▆ Not only under the cases of *Fields v. State, supra; McConnell v. State, supra; Nelson v. State, supra*, and *State v. Sanders, supra*, but under *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974) and *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979) [7] and the inherent failure of the record to support appellant's contention, the third point of error alleged is ruled against appellant.

For the foregoing reasons, the record shows the trial court did not commit error in overruling appellant's motion for postconviction relief upon the record and without an evidentiary hearing, and the action by the trial court is in all respects affirmed.

All concur.