STATE of Missouri,
Plaintiff-Respondent,

v.

Elwin Pierre ADAMS,
Defendant-Appellant.

No. 12993.

Missouri Court of Appeals,
Southern District,
Division One.

July 8, 1983.

Motion for Rehearing or to Transfer
Denied on July 22, 1983.

Application to Transfer Denied
Aug. 16, 1983.

Debra S. Hans, Asst. Public Defender, Springfield, for defendant-appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

A jury found defendant guilty of assault in the second degree (§ 565.060), a class D felony, and he was sentenced to three years' imprisonment. Defendant appeals.

Defendant's first point is that the trial court erred in denying his motion for judgment of acquittal at the close of all the evidence for the reason that the evidence was insufficient to support the conviction. In ruling on that contention this court must view the evidence in the light most favorable to the state, accept all substantial evidence and all legitimate inferences fairly deducible therefrom tending to support the

verdict, and reject contrary and contradictory evidence. *State v. Petrechko,* 486 S.W.2d 217 (Mo.1972). The defendant offered the testimony of himself and other witnesses and thus the submissibility of the case will be determined upon all the evidence. *State v. Sykes,* 372 S.W.2d 24, 25[2] (Mo.1963).

█ The information charged the defendant with violating § 565.060 "by recklessly causing serious physical injury to Levi Johnson by shooting him with a firearm." The offense took place shortly after midnight on September 23, 1981, in Greene County.

State's witness Johnson, the victim, who was rendered paraplegic by the gunshot wound, testified that he went to the defendant's apartment to talk to him about a ring which Johnson had previously pledged to defendant to secure a $100 loan. Defendant had seen Johnson park his car in front of the apartment and armed himself with a 38-caliber automatic pistol. An argument developed between the men as they conversed in the yard outside the apartment. Johnson said, "I just kind of shoved [defendant] away and started walking toward my car.... It was just a little shove with an open hand, like you would shove somebody up the side of the head.... I did not threaten the defendant with serious bodily harm.... I was not armed.... I did not bring my arm back to hit him.... I was leaving."

Johnson also testified: "After I started leaving I heard a click so I kind of turned around and [defendant] broke down with a pistol in his hand ... about like when a policeman breaks down on you like I have seen in the movies.... They break down with a gun cocked down and kind of holding it out about the way defendant held the gun, the gun in one hand and the other hand on his wrist.... At that time I was about 25 or 30 feet away. The gun fired and the bullet went under my left arm, pretty much to the back.... I had my back turned to [defendant] when this happened."

Testifying in his own behalf, defendant admitted that he fired the pistol. "I did not aim or anything. I just grabbed the pistol and fired.... I would not classify what happened to [Johnson] as an accident.... It was not an accident." As Johnson was lying on the ground, seriously wounded, defendant said, "I ought to just go ahead and kill you."

Defendant argues that the evidence is insufficient because "there is not one iota of evidence to indicate that defendant acted recklessly."

Sec. 565.060 provides, in pertinent part: "1. A person commits the crime of assault in the second degree if: ... (2) he recklessly causes serious physical injury to another person." Sec. 562.016, which deals with "culpable mental state," reads, in pertinent part: "4. A person 'acts recklessly' or is reckless when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation."

The evidence was sufficient to support the conviction. The jury was entitled to find that Johnson had given the defendant only "a little shove" and was in the act of departing from the scene when the defendant consciously fired the gun after aiming it at his victim. Although the evidence might well have justified the jury in finding that the defendant, in firing the gun, acted "purposely" or "knowingly," as defined in § 562.016, the jury was not thereby precluded from finding that the defendant acted "recklessly" as charged in the information and submitted in the state's verdict directing instruction. "... When recklessness suffices to establish a culpable mental state, it is also established if a person acts purposely or knowingly." § 562.021, par. 3. Defendant's first point has no merit.

█ Defendant's second point is that the trial court erred in admitting into evidence, over defendant's objection, two photographs offered by the state. Defendant

argues that the photographs were inflammatory and lacked probative value.

The trial court has broad discretion in determining the admissibility of demonstrative evidence. A photograph is usually superior to words as a means of description and "it should not be rejected because by presenting an accurate portrayal it tends to be inflammatory." *State v. Burnfin,* 606 S.W.2d 629 (Mo.1980).

 The two photographs in question show the injured victim lying near the curb of the street in front of defendant's apartment. The victim is receiving aid from ambulance attendants who arrived at the scene within minutes after the assault. On one of the photographs a police officer, who was also at the scene, drew a red circle to demonstrate the site of the bullet's entry. There had been a conflict in the testimony concerning whether Johnson was facing the defendant or leaving the scene at the time the gun was fired. There was also a conflict concerning the distance between the two men at the time of the shooting. Both photographs lent support to Johnson's version. The photographs are not gruesome and the trial court properly received them. *State v. Moody,* 645 S.W.2d 152, 158 (Mo. App.1982). Defendant's second point has no merit.

 Defendant's third point is that the trial court erred in denying defendant's motion for a mistrial "when the jury returned with a verdict of guilty and an indeterminate sentence because an indeterminate sentence is not recognized in the state of Missouri."

After deliberating for some time the jury returned to the court room with the following verdict:

"We the jury find the defendant Elwin Pierre Adams guilty of assault in the second degree as submitted in Instruction No. 5. We assess and declare the punishment at not less than two years and not to exceed five years in the Division of Corrections for a term fixed by the court.

"/s/ Wanda Agee, Foreman"

When the foregoing "verdict" was returned, defendant moved for a mistrial. The court denied the motion and instructed the jury to return to the jury room and "read the instructions again, deliberate further, and, if you can, return a verdict. Thank you very much." The jury retired for further deliberations and later returned a verdict in proper form assessing the punishment at imprisonment for three years.

Defendant concedes that the first verdict was in improper form and the second was in proper form. His position is that the impropriety of the first verdict entitled him to a mistrial. In advancing that argument defendant overlooks the principle that "the court is obligated to see that verdicts are in proper form and is authorized to require continued deliberation by the jury until a verdict in proper form is returned." *State v. Helm,* 624 S.W.2d 513, 519[19] (Mo.App. 1981). See also *State v. Jones,* 583 S.W.2d 561, 562[2] (Mo.App.1979). Defendant's third point has no merit.

The judgment is affirmed.

GREENE, C.J., and TITUS, and CROW, JJ., concur.