**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Oscar James GRANT,
Defendant-Appellant.**

No. 38165.

Missouri Court of Appeals,
St. Louis District,
Special Division.

Dec. 27, 1977.

Robert C. Babione, Public Defender, Sara T. Harmon, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Walter O. Theiss, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

SAMUEL E. SEMPLE, Special Judge.

Defendant-appellant, Oscar James Grant, appeals from a judgment of conviction entered by the Circuit Court of the City of St. Louis on May 21, 1976. The jury found Grant guilty of murder in the second degree, § 559.020, RSMo.1969, and assessed his punishment at ten years. The court imposed a sentence of ten years imprisonment in the Department of Corrections.

This appeal involves alleged errors in the trial court's application of § 552.020, RSMo. 1969. Section 552.020 provides procedure and guidelines to be followed in determining whether an accused lacks capacity to understand the proceedings against him or to assist in his own defense as a result of a mental disease or defect. Specifically at issue on this appeal are (1) the right of an accused to a second psychiatric examination at state expense and (2) the circumstances under which a court must order a hearing on an accused's competency to stand trial.

The evidence at the trial clearly established that appellant and his cousin, Sanders Johnson, Jr., the deceased, spent most of May 23, 1975 drinking with friends. Appellant and the deceased got into an argument. The deceased struck appellant and pulled a knife on him. Appellant wrested the knife from the deceased and started chasing him. Appellant chased deceased into a store and

deceased jumped at him. In the struggle that followed the deceased was fatally slashed and stabbed.

Appellant's counsel filed a pretrial motion for a psychiatric examination of appellant. The motion stated that on May 23, 1975, and continuing thereafter, appellant had a mental disease or defect within the meaning of § 552.010, RSMo.1969. The trial court granted the motion and the psychiatric examination was performed at Fulton State Hospital in Fulton, Missouri. The confidential medical report resulting from the psychiatric examination showed that appellant was not suffering from a mental disease or defect within the meaning of § 552.010, RSMo.1969 and had the capacity to understand the proceedings and to assist in his own defense. This report was filed with the Circuit Court on September 9, 1975.

On September 10, 1975, after receiving a copy of the psychiatric report, appellant's counsel filed "Objections To Findings of Psychiatrist" which stated:

"Comes now Joseph W. Warzycki, attorney for Defendant, and informs the Court that in accordance with the provisions of Section 552.020(4) R.S.Mo.1969, the Defendant hereby files an objection to the findings entered in the report of the psychiatric examination previously ordered by the Court, a copy of which was received by Defendant's attorney on September 10, 1975. Defendant further informs the Court that he is without funds to employ the services of a psychiatrist; and Defendant requests that the court order that Defendant be examined by another psychiatrist to be designated by the Court and that a copy of the report of this examination be included in the confidential Court files relative to the Defendant's cause before this Court."

The trial court, on October 16, 1975, found that the findings of the psychiatric report were not contested by the State, nor the accused, nor his counsel. Thereupon the court found that the defendant had mental fitness to proceed based upon said psychiatric report. The cause was ordered removed from the mental examination docket and set for trial.

Appellant's first contention is that the trial court erred in refusing to grant him a second psychiatric examination because § 552.020, subsection 4, RSMo.1969, requires the court to order that a defendant be examined by a second court appointed psychiatrist, upon timely written request, even though he is without funds to pay for the examination.

The pertinent portion of subsection 4, § 552.020 provides that:

"Within five days after the filing of the [initial psychiatric] report, both the accused and the state shall, upon written request, be entitled to an order granting them an examination of the accused by a physician of their own choosing and at their own expense."

■ The court did not violate the provisions of subsection 4, § 552.020 in denying appellant's motion that the court appoint a second psychiatrist to examine appellant at no expense to him. Subsection 4 makes no mention of, nor does it provide for, the appointment of a psychiatrist by the court as does subsection 2, § 552.020. Subsection 4 explicitly provides that the second examination is to be made by a physician, chosen and paid by the party making the request. That a defendant cannot obtain a second examination without cost to him has been definitely settled in this state. *State v. Mullen*, 532 S.W.2d 794, 799 (Mo.App.1975). The record does not indicate that a motion for an order granting appellant a second examination by a physician of appellant's own choosing and at appellant's own expense was ever presented to the trial court. Appellant does not cite any authority for construing subsection 4 as he urges. The only authority he does cite, *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975) is not in point to appellant's contention of error.

■ Appellant's second contention is that even if the trial court acted properly under the statute in denying a second psychiatric examination, there was error because the

statute is unconstitutional under the Fourteenth Amendment to the United States Constitution and Article I, Sections Two and Ten of the Missouri Constitution. Appellant contends that § 552.020, subsection 4, creates an invidious classification based upon wealth that denies an indigent defendant an equal opportunity to a second psychiatric examination to effectively contest the findings of the first psychiatric examination.

The Supreme Court of the United States has ruled that the equal protection clause does not require absolute equality or precisely equal advantages, nor does it require the State to equalize economic conditions. *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 2444, 41 L.Ed.2d 341 (1974). See also, *San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16, *reh. den.*, 411 U.S. 959, 93 S.Ct. 1919, 36 L.Ed.2d 418 (1973).

Section 552.020 has withstood similar constitutional challenges as ruled by the Missouri courts. The appellant in *State v. Terry*, 472 S.W.2d 426 (Mo. banc 1971) claimed that § 552.020, subsection 4, denied him equal protection under the law because he, as an indigent person, could not have an examination by his own private physician whereas defendants with money could have the benefit of the testimony of a private physician. The court, citing the case of *State ex rel. Hoover v. Bloom*, 461 S.W.2d 841 (Mo. banc 1971), ruled on this constitutional issue as follows:

"In [*Bloom* case] an inmate in a state mental institution applying for release on the ground that he was now sane, sought an examination by a physician of his own choice contending he was entitled to the examination at state expense. The contention was rejected. . . . The cases concerning the alleged equal protection violation involved in making possible an examination by a physician of the petitioner's own choice for moneyed inmates but not for indigents were reviewed, and we did not find a constitutionally impermissible discrimination. We do not find one here." 472 S.W.2d at 429–430.[1]

Accord, *State v. Sturdivan*, 497 S.W.2d 139, 144 (Mo.1973); *State v. Mullen*, 532 S.W.2d 794, 799 (Mo.App.1975); *Newbold v. State*, 492 S.W.2d 809, 820–821 (Mo.1973).

In view of the fact that the statute provides for, and appellant received, one free and objective examination at state expense, there is not an unconstitutional and invidious discrimination based upon wealth. That appellant was dissatisfied with the result of the initial examination does not without more require the State to continue to pay for subsequent examinations.

█ Appellant's third alleged ground for reversal is that the trial court violated § 552.020, subsection 6[2], by not holding a hearing on the issue of appellant's competency to stand trial. As the court has no

1. A different holding could result on a finding that the first psychiatrist was biased or incompetent; otherwise, one objective and independent examination is all that is constitutionally required under the statute. In *Bloom*, 461 S.W.2d at 844, the court stated that: "Even if relator had funds to employ a psychiatrist of his own choosing, it could not be assumed that it would be concluded relator is now sane. All that money could have obtained would have been an 'independent' examination, and relator, by virtue of the equal protection clause, is entitled to have an examination that is professionally independent of any influence by those having custodial control. An examination by a competent psychiatrist who is in a position to freely render his opinion based only on his professional training is constitutionally adequate because ' * * * it is appropriate to observe that a State can, consistently with the

Fourteenth Amendment, provide for differences so long as the result does not amount to a denial of due process or an "invidious discrimination".' *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811."

2. § 552.020, subsection 6, RSMo.1969, provides:

"If neither the state nor the accused nor his counsel contests the opinion referred to in subsection 3, subdivision (3), of this section relative to fitness to proceed [the initial court ordered psychiatric examination], the court may make a determination and finding of record on the basis of the report filed or may hold a hearing on its own motion. If any such opinion is contested the court shall hold a hearing on the issue."

alternative but to hold a hearing if a contest has in fact been made, the issue reduces itself here to whether the actions taken by appellant constituted a contest. The trial court found, and we agree, that appellant did not contest the psychiatrist's opinion within the meaning of subsection 6.

Appellant bases his assertion that he contested the psychiatrist's opinion on his motion for a second court ordered examination. In that motion appellant stated in part that "in accordance with the provisions of § 552.020(4), R.S.Mo.1969, the defendant hereby files an objection to the findings entered in the report of the psychiatric examination previously ordered by the court . . . ."

Contrary to the language in appellant's motion, there is no provision in § 552.020, subsection 4, for filing an objection to the findings of the court ordered psychiatric examination report. Appellant's motion constitutes an unsuccessful attempt to obtain an order granting a second examination under subsection 4 of § 552.020. The motion contained no stated basis for the "objections" regarding either the competency of the examiner or the validity of the procedures used. The motion did not request a hearing at which appellant could dispute the findings of the examiner.

To "contest" is "[t]o strive, to win or hold; to controvert, litigate, call in question, challenge. . . ." Black's Law Dictionary 391 (Revised 4th ed. 1968). At most, appellant's motion merely evidenced a dissatisfaction with the finding of the first examination. There was no attempt to show that the dissatisfaction was properly grounded, that is, the basis of the objection.

This court was presented with a similar claim in *State v. Vansandts*, 540 S.W.2d 192, 200 (Mo.App.1976). In that case defendant's counsel also filed an objection to Findings of Psychiatrist and requested an examination by another psychiatrist. The court rejected the contention that such a motion for a second examination constituted a "contest" within the meaning of the law.

The object of appellant's motion here was to obtain a second examination under sub-section 4, § 552.020, not to contest the opinion of the first psychiatrist under subsection 6, § 552.020. As we find that appellant did not contest the opinion of the court-appointed psychiatrist, and since there is no error in failing to hold a competency hearing when a report is not contested, *Vansandts*, 540 S.W.2d at 201, *Newman v. State*, 481 S.W.2d 3, 6 (Mo.1972), we find no merit in appellant's third asserted ground for reversal.

We have studied the transcript and all authority cited by appellant in support of his alleged grounds of error and find no error requiring reversal.

The judgment of conviction is therefore affirmed.

SIMEONE, C. J., DOWD and STEWART, JJ., and DONALD L. MASON, Special Judge, concur.