**Robert Barry OLSEN,**
**Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Respondent-Appellee.**

**No. 77–2286**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 1978.

Robert Barry Olsen, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Ira N. Loewy, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc.* v. *Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

Pro se petitioner Olsen is serving a life sentence in Florida. Olsen was represented at jury trial by a public defender. Petitioner was found guilty of second degree murder. The Florida Appellate Court affirmed the conviction. Petitioner filed a writ of habeas corpus with the United States District Court. The district court dismissed the petition. We affirm.

Petitioner first challenges the denial by the trial court of the public defender's motion to withdraw, and alleges an unconstitutional deprivation of the right to effective assistance of counsel.[1] In attacking the denial of the motion to withdraw, petitioner cites no prejudicial error by his attorney in preparing or trying the case, but bases his allegation upon the fact that he was compelled to stand trial with the assistance of counsel with whom he was allegedly "embroiled in irreconcilable conflicts." As the district court noted, however, throughout the course of the hearing, petitioner, in response to repeated questioning by the trial court, refused to ask for substitute counsel or to proceed pro se. The trial judge found representation had been effective. The Florida Appellate Court and the district court agreed with that determination. We find no error.

Petitioner next alleges that where the trial judge had been named as a defendant in a federal civil suit filed by petitioner,[2] the judge's refusal to disqualify himself violated petitioner's due process rights. No evidence is presented that the judge conducted the trial in a biased manner, or that the proceedings were in any way affected by the civil suit. The failure of the judge to disqualify himself under these circumstances was not error. *See United States v. Corrigan*, 401 F.Supp. 795 (D.Wyoming, 1975), reversed on other grounds, 548 F.2d 879 (10th Cir. 1977).

Lastly, petitioner maintains that the trial court's denial of his motion for further psychiatric testing denied petitioner his constitutionally protected right to a fair trial. The district court carefully considered the circumstances of this challenge, as did the Florida Appellate Court, and found that the petitioner received a fair trial. The record reveals that the petitioner had been examined by two disinterested and qualified experts under Rule 3.210. Both court appointed experts rendered opinions that petitioner was not insane at the time of the alleged offense and was competent to stand trial. Petitioner independently secured an EEG examination, which showed "nothing in the way of abnormalities." Both psychiatrists unequivocally affirmed that petitioner was capable of assisting counsel in his own defense and was aware of the nature of the crime charged. *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Moreover, at a hearing conducted on October 7, 1974, defense counsel (without objection by petitioner) conceded that petitioner was competent to stand trial. All procedures mandated by the Florida rules were followed to ensure that petitioner would receive a fair trial. We are convinced that petitioner was not deprived of any constitutional rights occasioned by the trial court's denial of his motion for further psychiatric testing.

Judgment is affirmed.

---

1. In none of his appellate briefs did petitioner challenge the denial of defense counsel's motion for withdrawal on the basis that counsel rendered ineffective assistance during the course of his representation. Petitioner presented the district court for the first time with an affidavit indicating that at the time of trial he was dissatisfied with the representation of his counsel. The district court limited the grounds of the petition before it, to those matters considered by the state courts in petitioner's attack upon the denial of the motion to withdraw.

2. Case No. 74–916–Civ-Wm. Dismissed October 25, 1974.