**STATE of Missouri, Respondent,**

v.

**John WILLIAMS, Appellant.**

**No. 61457.**

Supreme Court of Missouri,
Division No. 2.

July 15, 1980.

Rehearing Denied Sept. 9, 1980.

Mary-Louise Moran, Asst. Public Defender, 22nd Judicial Circuit, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kathryn Marie Krause, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

John Williams was charged by a four-count information, filed in lieu of indictment, with rape, sodomy, kidnapping, and stealing a motor vehicle. He was found guilty by a jury of all four offenses, and pursuant to the Second Offender Act then applicable was sentenced by the court to two consecutive life sentences for rape and sodomy, and to two consecutive ten-year sentences for kidnapping and for stealing a motor vehicle. He has appealed from the ensuing judgment.

Appellant does not challenge the sufficiency of the evidence as to any of the four charges. Therefore, we shall not here set forth the evidence, but shall only state that it clearly authorized the verdict rendered as to each offense.

On February 7, 1978 the trial court sustained appellant's motion for "Appointment of Psychiatrist," and appellant was committed to the Fulton State Hospital. A report of the examination there conducted, dated May 8, 1978, was filed in the trial court on May 22, 1978, in which the examining physicians stated that "The accused has the capacity to understand the proceedings against him and can assist in his own defense." On May 30, 1978 appellant filed what he captioned "Objection to Findings of Psychiatrist," which stated:

"Comes now Mary-Louise Moran, attorney for Defendant, and informs the Court that in accordance with the provisions of Section 552.020 4. RSMo. 1969, Defendant hereby objects on the basis of the competency of the examiner and the validity of the procedures used to the findings entered in the report of the psychiatric examination previously ordered by the Court and filed with the Court of March 10, 1978.

"The defendant believes that he has a mental disease or defect and does not possess the mental competency necessary to proceed in this criminal matter and therefore he contests the opinion stated by the court-appointed psychiatrist filed in this case, with evidence in support of this conclusion to be presented at a hearing on this matter.

"Defendant further informs the Court that he is indigent and without funds with which to employ a psychiatrist or a physician of his own choosing to make such an examination.

"Defendant requests that the Court order that defendant be examined by another psychiatrist to be designated by the Court and that a copy of the report of this examination be included in the confidential Court files relative to the defendant's cause before this Court."

The trial court entered a written order in which it noted that appellant's motion "does not pray for a second examination by a physician of the defendant's own choosing and at the defendant's expense," and that there is no provision in § 552.020(4) RSMo 1969 for filing an "objection" to the findings of the court-appointed psychiatrist. The court then stated that "No evidence or testimony was offered or adduced, indicating that the procedures were invalid or improper or that the two examining physicians were incompetent in any way," and that appellant "did not, in fact, contest the findings of the first report within time allowed," and added that the court "hereby finds on the basis of the report of May 18, 1978 * * * that the above named defendant has mental fitness to proceed."

In his first point appellant asserts it was error for the court to overrule his "Objection to Findings of Psychiatrist" and deny him a second psychiatric examination at State's expense, because, as he asserts, § 552.020(4) "allows a second psychiatric examination so long as [he] fully complies with the requirements of this section."

■ Section 552.020(4) provides that "within five days after the filing of the report" of the court-appointed physician, both the accused and the State shall, upon written request of either, be entitled to an order granting an examination of the accused by a physician of the State's or accused's "own choosing and at their own expense." It is clear that whatever status is to be given to appellant's "Objection to Findings of Psychiatrist," it was not filed within five days after the filing of the

report, and it did not present a written request for "an order granting * * * an examination of the accused by a physician of [appellant's] own choosing and at [his] expense." Instead, the request was that "the Court order that defendant be examined by another psychiatrist to be designated by the Court," which was to be at the expense of the State because, as appellant alleged, he was "indigent and without funds with which to employ a psychiatrist or a physician of his own choosing to make such an examination."

We consider the "Objection to Findings of Psychiatrist" to constitute a request for the appointment of a second psychiatrist to conduct a second examination of appellant at the expense of the State. This issue was ruled in *State v. Grant*, 560 S.W.2d 384, 386 (Mo.App.1977) as follows, with which ruling we agree:

"The Court did not violate the provisions of subsection 4, § 552.020 in denying appellant's motion that the court appoint a second psychiatrist to examine appellant at no expense to him. Subsection 4 makes no mention of, nor does it provide for, the appointment of a psychiatrist by the court as does subsection 2, § 552.020. Subsection 4 explicitly provides that the second examination is to be made by a physician, chosen and paid by the party making the request. That a defendant cannot obtain a second examination without cost to him has been definitely settled in this state. *State v. Mullen*, 532 S.W.2d 794, 799 (Mo.App.1975)."

■ Appellant also asserts that if § 552.-020(4) does not authorize a second psychiatric examination at State expense, it violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I, §§ 2 and 10 of the Missouri Constitution in that it "creates an invidious classification based on wealth that denies an indigent defendant a second psychiatric examination and, therefore prevents him and his attorney from participating effectively in the hearing provided under Section 552.020(6) R.S.Mo. 1969 to contest the opinion of the

court-appointed psychiatrist concerning [his] fitness to proceed."

This court has previously ruled that § 552.020(4) does not create an impermissible discrimination and does not deny an indigent accused equal protection of the law. *State v. Terry*, 472 S.W.2d 426 (Mo. banc 1971); *Newbold v. State*, 492 S.W.2d 809 (Mo.1973); *State v. Sturdivan*, 497 S.W.2d 139 (Mo.1973). See also *State v. Mullen*, 532 S.W.2d 794 (Mo.App.1975); *Hudson v. State*, 552 S.W.2d 244 (Mo.App. 1977); *State v. Grant*, supra. We adhere to that ruling.

Appellant attempts to avoid the rule announced in the above cases by asserting that by not receiving a second psychiatric examination at State expense he was prevented from "participating effectively in the hearing provided under Section 552.-020(6) R.S.Mo. 1969, to contest the opinion of the court-appointed psychiatrist concerning [his] fitness to proceed."[1] The effect of appellant's contention is that the State should stand the expense of obtaining the testimony of an expert witness in his behalf.

In the absence of statutory authorization, the accused in a criminal case is not entitled to have his expert witnesses summoned at public expense. 21 Am.Jur.2d Criminal Law § 348. The precise question presented here was considered at length in *State v. Superior Court in and for the County of Pima*, 2 Ariz.App. 458, 409 P.2d 742 (1966). There the accused sought payment by the State to his expert medical witness. Reference was made to *State v. Crose*, 88 Ariz. 389, 357 P.2d 136 (1960), in which it was held that the State is not mandated by constitutional provisions to provide a "full paraphernalia of defense," and that medical experts are part of the paraphernalia not so provided. In the *County of Pima* case at p. 749, the court then considered the constitutional arguments presented here by appellant and concluded that the "failure to provide at state expense the expert assistance" of a medical witness did not result in an "invidious discrimination." We agree with that conclusion. Assuming that the second psychiatric examination would have been helpful to appellant if he had decided to contest the report of the examination that was given, and we conclude he did not do so as authorized by § 552.020(6), the State was not constitutionally mandated to provide such second examination at public expense.

In his second point appellant asserts the court erred in overruling his "Motion to Sever Offenses" because "the four offenses joined together here could not be properly joined under * * * Rule 24.04, and their joinder in a single trial deprived [him] of his right to a fair trial by an impartial jury as the evidence tending to support his conviction upon one offense tended to indicate his guilt with regard to the other offenses charged."

Rule 24.04, in effect at the time of trial, provided that "All offenses which are based on the same act or on two or more acts which are part of the same transaction or on two or more acts or transactions which constitute parts of a common scheme or plan may be charged in the same indict-

---

1. In the argument portion of his brief appellant states that his "Objection to Findings of Psychiatrist" consisted of both a request for a second examination under § 552.020(4) and a contest of the psychiatric report which would properly fall under § 552.020(6). We note that in the "Objection to Findings of Psychiatrist" there is no reference to § 552.020(6). In fact, the only statutory reference made is specifically to § 552.020(4). Also, there was no request in the "Objection" for the hearing provided for in § 552.020(6). Immediately prior to trial the court announced it would take up and consider pending motions. Appellant then called up two motions; the first to "Suppress Identification," and the second to "Suppress Statements." The following morning appellant presented requests or motions which, as counsel stated, included "approximately seven different areas," but none pertained to a challenge of the report of the court-appointed psychiatrists, and at no time did appellant seek a hearing pursuant to § 552.020(6). In addition, there is no point in appellant's brief asserting as error that he was denied or did not receive the hearing authorized by § 552.020(6). The right of appellant to a hearing pursuant to § 552.020(6), or the failure of the court to hold such hearing are not issues on this appeal.

ment or information in separate counts, * * *." A brief summary of the evidence will be helpful. On November 12, 1977, at approximately 2:45 a. m., appellant approached Alzada Johnson in the yard of her home, and by threatening her with a hand gun forced her to drive her automobile to an empty apartment building where he engaged in acts of sodomy and sexual intercourse. He drove Alzada Johnson's automobile to a park and while on the way there another act of sodomy was committed. He then drove away in her automobile leaving her in the park.

■ Although appellant asserts in his point that the four offenses could not be properly joined under the provisions of Rule 24.04, he cites no authority to that effect, and he admits in argument that "certain offenses can be properly joined" under the Rule. It is clear that the four offenses charged against appellant are so closely intertwined in time, place and purpose that they were part of the same transaction, and therefore, joining them by use of separate counts in one information was authorized by Rule 24.04. For comparable, although admittedly not identical situations, see *State v. Duren*, 556 S.W.2d 11 (Mo. banc 1977) reversed on other grounds, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579; *State v. Pittman*, 569 S.W.2d 277 (Mo.App.1978); *State v. Neal*, 514 S.W.2d 544 (Mo. banc 1974); *State v. Johnson*, 505 S.W.2d 11 (Mo. App.1974).

■ Appellant's argument is directed primarily to the contention that even if the counts were properly joined, it was error for the court to overrule his motion "to sever the offenses * * * and to grant him a separate trial as to each offense * * *." There were no facts alleged in the motion to sever which if true would demonstrate prejudice to him, but he now contends on appeal that he was prejudiced because "evidence [which tended] to support his conviction upon one offense tended to indicate his guilt with regard to the other offenses charged," and then, although not asserted in his point, he argues that "in a trial on charges of rape; sodomy; kidnap-

ping; and stealing over $50 [the charge was stealing an automobile], a jury would find it impossible to separate the charges and evaluate each one, separately, on the basis of the evidence introduced at trial." The record before us does not indicate that appellant presented either one of these claims of prejudice to the trial court.

■ Appellant argues that this court should consider Rule 14 of the Federal Rules of Criminal Procedure, which in pertinent part is as follows:

"If it appears that a defendant or the government is prejudiced by a joinder of offenses * * * in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, * * * or provide whatever relief justice requires."

There is no Missouri rule which is a counter part to the above Federal Rule. However, in considering the application of the Federal Rule in *United States v. Bohr*, 581 F.2d 1294, 1300 (8th Cir. 1978), the court stated that "A motion to sever is addressed to the sound discretion of the trial court," and the task of the appellate court is to determine whether denial of such a motion "resulted in clear prejudice." We consider this to be substantially the rule in Missouri. In *State v. Duren*, supra at p. 20, it was stated:

" * * * severance is a matter within the sound discretion of the trial court directed toward achieving a fair determination of the defendant's guilt or innocence of each offense charged. The court should consider, among other relevant factors, the number of offenses charged, the complexity of the evidence to be offered and whether the trier of fact will be able to distinguish the evidence and apply the law intelligently as to each offense."

See also *State v. Crane*, 559 S.W.2d 294 (Mo.App.1977); *State v. Brannom*, 539 S.W.2d 747 (Mo.App.1976).

■ Severance may be granted even where the joinder is authorized, but the moving party must show prejudice. *Drew v. United States*, 331 F.2d 85 (1964). The

facts of the four charges in this case were not such to make it difficult for a jury composed of reasonably intelligent persons to distinguish the evidence as to each offense. The mere assertion made by appellant in argument to this court falls far short of being sufficient to establish such prejudice. We agree with appellant that the offenses charged in this case were so interrelated to each other that proof of one offense would possibly tend to establish the others. But, this does not, in the absence of other circumstances, result in prejudice or entitle an accused to a severance. A continuous transaction involving several legally distinguishable offenses, as occurred in this case, permits the State in a separate trial for any one of the offenses to present evidence as to all the offenses involved. *Burnside v. State*, 552 S.W.2d 339 (Mo.App.1977); *State v. Torrence*, 519 S.W.2d 360 (Mo.App. 1975); *State v. Parton*, 487 S.W.2d 523 (Mo. 1972); *State v. Adams*, 465 S.W.2d 536 (Mo. 1971). Appellant cannot claim prejudice because what would result in a separate trial of each offense would also result when a single trial is held of all offenses. We find no abuse of discretion in the failure of the trial court to grant a severance as requested.

■ Prior to the commencement of trial appellant filed a "Motion to Limit Cross-examination" in which he stated that he desired to exercise his right to testify, but he added that the State may "believe" he has previously been convicted of crimes, "some of which may be more than ten years in the past." He objected to any attempt to prove prior convictions because, as he asserted, the statute authorizing proof of previous crimes penalizes him for "exercising his constitutional rights" and abridges his right to equal protection of the law. He asserts that proof of prior convictions by cross-examination as authorized by § 491.070 RSMo 1969, extends beyond the scope of the direct testimony and compels him to testify against himself. He then contends that "under the rules of evidence in the federal courts, unrelated convictions more than ten years in the past cannot be introduced against a defendant." The request made in

his motion to limit cross-examination was that the court order the prosecutor not to "question [him] regarding any possible prior convictions either for impeachment or for proof of prior convictions."

Appellant now asserts on this appeal that the refusal of his motion to limit cross-examination "infringed upon [his] right to take the witness stand to testify because it required him to give up one constitutional right, namely, the right against self-incrimination, in order to exercise another right, namely the right to present testimony in his own defense."

We first note that appellant admits that the only prior convictions shown by the State for the purpose of invoking the Second Offender Act was a conviction for robbery and a conviction for assault with intent to ravish, with malice, both of which occurred six years before the trial of this case. Also, appellant made no offer of proof to show what testimony he could have given if he had elected to testify.

Section 491.050 RSMo 1978 provides that "Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, * * *." In *State v. Morris*, 460 S.W.2d 624, 629 (Mo.1970), this court held that this statute "does confer an absolute right to show prior convictions solely to affect credibility," and that any change "is up to the General Assembly." See also, *State v. Toliver*, 544 S.W.2d 565 (Mo. banc 1976); *State v. Busby*, 486 S.W.2d 501 (Mo.1972); *State v. Dunn*, 577 S.W.2d 649 (Mo. banc 1979); *State v. Morris*, 585 S.W.2d 231 (Mo.App. 1979). Appellant's contentions by which he attempts to invoke constitutional issues are completely answered in *McGautha v. California*, 402 U.S. 183, 91 S.Ct. 1454, 1471, 28 L.Ed.2d 711 (1971), where it was stated that it was not "overly harsh" in the determination of whether to waive the privilege against self-incrimination to require the defendant to "take into account the matters which may be brought out on cross-examination." It was further held: "It is also

generally recognized that a defendant who takes the stand in his own behalf may be impeached by proof of prior convictions or the like," and that "it is not thought inconsistent with the enlightened administration of criminal justice to require the defendant to weigh such pros and cons in deciding whether to testify." We find no merit to appellant's contention that the trial court erred in refusing to sustain his motion to limit cross-examination of him if he elected to testify.

Appellant's final point is that the imposition of two life sentences and two ten year sentences, all to run consecutively constituted cruel and unusual punishment, and demonstrated bias and prejudice on the part of the trial court.

Appellant admits that he does not contend that the punishment as to each offense falls outside the limits prescribed by the Legislature, but he does contend that in the circumstances of this case to impose consecutive sentences is cruel and unusual punishment. Appellant cites *Weems v. United States*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910), and *Trop v. Dulles*, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). As noted in *State v. Johnson*, 457 S.W.2d 795 (Mo. 1970), and in *State v. Vermillion*, 486 S.W.2d 437 (Mo.1972), the fault found in the *Weems* case was in the law itself and not in the punishment assessed by the court within the law. This is the same situation in the *Trop* case. Neither case held that a term of imprisonment within the limits prescribed by the legislative branch of government was in violation of the Eighth Amendment proscribing cruel and unusual punishment. On the other hand, in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), that court expressly held that the apparent severity of a sentence within the limits prescribed by statute does not warrant an appellate court to interfere with it. This court has held the rule stated in the *Blockburger* case to be the law of this State. *State v. Johnson*, supra. See also *State v. Stephens*, 507 S.W.2d 18 (Mo. banc 1974); *State v. Vermillion*, supra;

*State v. Booker*, 517 S.W.2d 937 (Mo.App. 1974). We adhere to that ruling.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

WELLIVER and HIGGINS, JJ., concur.

SEILER, P. J., concurs in result.