Cliff CROWLEY, Appellant,

v.

STATE of Missouri, Respondent.

No. 42042.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 9, 1980.

Stephen C. Banton, Clayton, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto and Paul M. Spinden, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant was convicted by a jury of four counts of armed robbery and sentenced by the trial court to serve fifteen years on each count, the sentences to run concurrently. That judgment was affirmed on direct appeal. *State v. Crowley*, 571 S.W.2d 460 (Mo.App.1978). Movant next filed a motion to vacate judgment and sentence pursuant to Rule 27.26 which the trial court [1] denied.

In his second amended motion, movant alleged as grounds for relief: (1) ineffective assistance of trial counsel and (2) denial of due process and fair trial because he was incompetent to stand trial and the trial court failed to hold a hearing to determine such incompetency.

The trial judge held an evidentiary hearing on the Rule 27.26 motion wherein movant presented evidence. The court in overruling the motion made extensive findings of fact and conclusions of law. In its findings of fact and conclusions of law, the court addressed each of movant's complaints. Specifically, the court found that movant's counsel was not incompetent for (1) failing to make a written request for an order granting an examination of accused by his own physician; (2) failing to note that state will pay the cost of such examination if the accused is indigent because this is a misstatement of the law; [2] (3) failing to notify the state of movant's intention to rely on defense of mental disease or defect within ten days of movant's plea of not guilty; and (4) failing to obtain medical records. Further, the court specifically found no merit to movant's claim of constitutional violations regarding the trial court's failure to hold a hearing on movant's competency to stand trial.

We have examined the transcript of the Rule 27.26 hearing and the transcript and exhibits of the original trial. "In all 27.26 proceedings, we must affirm the ruling of

---

1. The judge who presided at the post-conviction hearing was not the same judge who presided at movant's original trial.

2. For a discussion of the law on this issue *see* *State v. Grant*, 560 S.W.2d 384, 386 (Mo.App. 1977); Op. Atty. Gen. No. 2 (March 29, 1973).

the trial judge unless it appears his findings, conclusions and judgment are 'clearly erroneous.'" *Laney v. State,* 584 S.W.2d 411, 413 (Mo.App.1979). The trial court's judgment is based on findings of fact which are not clearly erroneous. No error of law appears and therefore an extended opinion would have no precedential value.

Accordingly, and in compliance with Rule 84.16(b), the judgment is affirmed.

CRIST, P. J., and SNYDER, J., concur.