**John Oliver WILLIAMS, Appellant,**

v.

**Donald WYRICK, Warden; and The Attorney General of the State of Missouri, Appellees.**

**No. 81–1348.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 18, 1981.

Decided Nov. 20, 1981.

Certiorari Denied March 1, 1982. See 102 S.Ct. 1619.

James M. Asher, Clayton, Mo., for appellant.

John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

John O. Williams appeals the denial by the district court[1] of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Appellant asserts that he was denied equal protection, due process, and assistance of counsel by the state trial court's denial of his request for a second psychiatric examination at state expense to determine competency to stand trial. We affirm.

Under Mo.Rev.Stat. § 552.020 (1969) an indigent is entitled to an initial psychiatric examination to determine competency to stand trial, but that statute does not authorize a second examination at state expense. Instead § 552.020(4) provides that a second examination is to be made by a physician, chosen and paid by the party making the request. *State v. Williams*, 603 S.W.2d 562, 565 (Mo.1980). The fourteenth amendment does not require absolute equality or precisely equal advantages, as long as the differences do not amount to a denial of due process or an invidious discrimination. *See Ross v. Moffit*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *Douglas v. California*, 372 U.S. 353, 356, 83 S.Ct. 814, 816, 9 L.Ed.2d 811 (1963). Here, the Missouri statutory scheme safeguards a criminal defendant's constitutional right not to stand trial while incompetent, *Drope v. Robinson*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), and provides for an adequate opportunity for the indigent to present his claims fairly. We agree with the district court and the Supreme Court of Missouri that § 552.020(4) does not deny an indigent due process or equal protection of the law. *See State v. Williams, supra; State v. Terry*, 472 S.W.2d 426 (Mo.1971) (banc).

Appellant argues that § 552.020(4) denies him his sixth amendment right to have assistance of counsel. This argument is merely a restatement of his fourteenth amendment argument that the Missouri statute deprives an indigent of an adequate and meaningful opportunity to present his claims. The two physicians appointed to examine appellant were not witnesses for the prosecution, but impartial third parties appointed by the court. The state trial court held that there was no evidence or testimony offered or adduced to show that the two physicians were incompetent, biased, or prejudiced, or that their procedures were invalid or improper. Further, § 552.-020(4) provides that a hearing may be requested to contest the findings and to cross-examine the two physicians.[2] These procedures do not deny an indigent an adequate or meaningful opportunity to present his incompetency claim, but instead safeguard the indigent's right that he will not be tried while incompetent. *See Olsen v. Wainwright*, 565 F.2d 906 (5th Cir. 1978).

The judgment of the district court is affirmed.[3]

---

1. The Honorable H. Kenneth Wangelin, Chief Judge for the United States District Court for the Eastern District of Missouri.

2. Appellant did not request such a hearing.

3. We decline to decide this case on the narrow grounds that appellant's request for a second examination was untimely. Although this was an alternative ground for the Missouri Supreme Court's decision in *State v. Williams*, 603 S.W.2d 562, 565 (Mo.1980), it does not appear to be the basis of the state trial court's denial, nor was it the basis of the district court's denial of the habeas corpus petition.