[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13544
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00003-CV-1-MMP


FRANK C. JOHNSON, JR.,
RUTH B. JOHNSON,

Plaintiffs-Appellants,

versus

J. K. BUDDY IRBY,
Honorable Clerk, Eighth
Judicial Circuit for Alachua
County, Individual,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 23, 2010)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs Frank C. Johnson, Jr., and Ruth B. Johnson, proceeding pro se, appeal the dismissal of their civil rights complaint for failure to state a claim. They also appeal the denial of their motion for recusal of the district court and magistrate judges under 28 U.S.C. §§ 144 and 455. No reversible error has been shown; we affirm.

We first address Plaintiffs' challenge to the denial of their recusal motion.[1] We review a judge's decision not to recuse himself for an abuse of discretion. United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004).

We conclude that the judges abused no discretion in refusing to recuse themselves. Under 28 U.S.C. § 144, a judge must recuse himself when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." Here, Plaintiffs did not submit a properly notarized and sufficient affidavit with their recusal motion in the district court to comply with section 144.

---

[1]Plaintiffs also seek a petition for a writ of mandamus or prohibition against the district court and magistrate judges. But mandamus relief against judges is an extraordinary remedy "reserved for really extraordinary causes" such as "where an appeal is a clearly inadequate remedy." In re Evergreen Sec., Ltd., 570 F.3d 1257, 1277 n.21 (11th Cir. 2009). No such extraordinary cause exists here; and Plaintiffs have an adequate remedy, which they have exercised by filing this appeal.

2

See United States v. de la Fuente, 548 F.2d 528, 541 (5th Cir. 1977) ("informal requests for recusal" that are unaccompanied by an affidavit fail to comply with section 144).

Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test under section 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988).

Plaintiffs' allegations were insufficient to bring into question objectively the judges' impartiality. That Plaintiffs named the district court judge in a 1997 lawsuit does not show bias. See Olsen v. Wainwright, 565 F.2d 906, 907 (5th Cir. 1978) (concluding that a trial judge did not err by refusing to recuse himself where he had been named a defendant in a federal suit filed by the petitioner). Plaintiffs' other allegation -- that the court failed to issue a summons -- also evidences no bias against Plaintiffs. No summons was issued because the district court denied Plaintiffs' motion to proceed in forma pauperis. Adverse rulings alone are insufficient to demonstrate a court's impartiality absent a showing of pervasive bias. See Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000).

3

We now address the substance of Plaintiffs' case. On appeal, Plaintiffs repeat the merits of their civil rights complaint. Plaintiffs filed a complaint against the Clerk of Court for Florida's Eighth Circuit, alleging that Defendant listed incorrectly the parties in the case style of several of Plaintiffs' appeals. Plaintiffs say this conduct violated Plaintiffs' civil rights because Defendant knew the case styles were incorrect, but failed to inform the court of the error. We review de novo the district court's grant of a motion to dismiss for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Harris v. United Auto. Ins. Grp., Inc., 579 F.3d 1227, 1230 (11th Cir. 2009).[2]

Plaintiffs sought relief under several civil rights statutes, which call to account (1) intentional race discrimination on certain enumerated activities, 42 U.S.C. § 1981; (2) deprivation of constitutional rights by a state actor, 42 U.S.C. § 1983; (3) conspiracy to deprive a person of equal protection of the laws, 42 U.S.C. § 1985(3); and (4) failure to prevent such a conspiracy despite having the ability to do so, 42 U.S.C. § 1986.

Under sections 1981 and 1983, a government official sued in his individual capacity can assert a qualified immunity defense; but the official cannot assert such

___

[2]In addition, we construe liberally pro se pleadings. Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

a defense under sections 1985 and 1986.  See Burrell v. Bd. of Trs. of Ga. Military Coll., 970 F.2d 785, 794 (11th Cir. 1992); see also Williams v. Wood, 612 F.2d 982, 984-85 (5th Cir. 1980) (extending qualified immunity to state court clerks for damages arising from their failure to perform routine duties).  In determining if an official is entitled to qualified immunity, we look to see if Plaintiff's allegations establish a violation of a clearly established constitutional or statutory right. Collier v. Dickinson, 477 F.3d 1306, 1308 (11th Cir. 2007).

Here, Plaintiffs' allegation about Defendant not correcting the case style in their earlier appeals does not demonstrate a violation of a clearly established federal right.  Plaintiffs alleged no sufficient discriminatory intent by Defendant to sustain a section 1981 action.  And Plaintiffs did not explain -- other than in conclusory terms -- how Defendant's acts deprived them of a constitutional right for section 1983.  Plaintiffs' sections 1985 and 1986 claims fail because a "formulaic recitation of the elements of a cause of action," without facts which would support an inference that Defendant conspired with someone or failed to stop others from conspiring against Plaintiffs, is insufficient to survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007).[3]

---

[3]Given the complaint's deficiencies, we do not see that a more carefully drafted complaint would state a claim for relief and reject Plaintiffs' contention that they should have been given an opportunity to amend their complaint.  See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d

AFFIRMED.

541, 542 (11th Cir. 2002) (explaining that a district court should give the pro se plaintiff an opportunity to amend his complaint if such amendment would not be futile).

6